2008-NMCA-139

194 P.3d 126

**John R. D'ANTONIO, Jr., State Engineer of New Mexico, Plaintiff–Appellant,**

v.

**Seledon GARCIA, Defendant–Appellee.**

**No. 27,681.**

Court of Appeals of New Mexico.

Aug. 14, 2008.

Certiorari Granted, No. 31,315, Oct. 2, 2008.

Gary K. King, Attorney General, D.L. Sanders, Chief Counsel, Daniel R. Rubin, Special Assistant Attorney General, Susanne Hoffman–Dooley, Special Assistant Attorney General, Santa Fe, NM, for Appellant.

Montoya Law, Inc., Dennis W. Montoya, Rio Rancho, NM, for Appellee.

## OPINION

WECHSLER, Judge.

{1} Plaintiff, the State Engineer of the State of New Mexico, appeals the district court's decision, which reversed the summary judgment order granted by the Office of the State Engineer (OSE) hearing examiner against Defendant Seledon Garcia in compliance order proceedings and remanded for a full administrative hearing. We assigned the case to the legal calendar, see Rule 12–210(C) NMRA, and asked the parties to address several discrete issues, including (1) whether a comprehensive hearing is required before an OSE compliance order can become final and enforceable; (2) whether the order of an OSE hearing examiner granting summary judgment in compliance order proceedings requires express approval of the state engineer before the compliance order can become final under NMSA 1978, § 72–2–18 (2001) (amended 2007); and (3) whether it is proper, under this Court's decision in *Derringer v. Turney*, 2001–NMCA–075, 131 N.M. 40, 33 P.3d 40, for the party against whom summary judgment is granted at the administrative level to either request a post-decision hearing before OSE or appeal to the district court. We conclude that (1) the right to a comprehensive administrative hearing under NMSA 1978, § 72–2–16 (1973) is not absolute and that Defendant waived his right in this case; (2) the OSE hearing examiner's grant of summary judgment adequately finalized the compliance order in this case; and (3) the OSE hearing examiner's finalization of the compliance order against Defendant was proper in light of Defendant's non-partic-

ipation in the administrative proceedings. We therefore reverse the district court's order.

## BACKGROUND

{2} On March 14, 2003, OSE investigators conducted a field check on Defendant's property near Abiquiu, New Mexico. The field check revealed that surface water had been illegally diverted from the Arroyo de los Frijoles into two illegally constructed ponds on Defendant's property. In response, OSE informed Defendant in three separate certified letters that were sent over the course of the following year that the ponds were illegal unless he promptly obtained a proper permit. On February 11, 2005, because Defendant never obtained a permit for the ponds, OSE mailed a fourth certified letter to Defendant, along with a compliance order. The compliance order commanded Defendant to immediately drain the illegal ponds and fill them with "compacted earth" at his own expense. The letter accompanying the compliance order notified Defendant that he had the option, under Section 72–2–18(D), of either obeying the compliance order or requesting an administrative hearing within thirty days of his receipt of the compliance order. In a letter dated March 11, 2005, Defendant requested a hearing.

{3} The matter was referred for an administrative hearing, and an OSE hearing examiner issued a scheduling order on September 12, 2005. Over the course of the following six months, Defendant failed to comply with several provisions of the scheduling order by not timely filing a witness list, an exhibit list, or a rebuttal witness and exhibit list. In response to Defendant's violations of the scheduling order, the OSE hearing examiner issued a March 10, 2006 order, which vacated the hearing and set a pre-hearing conference for May 4, 2006.

{4} On April 3, 2006, Plaintiff filed a motion for summary judgment. Although Plaintiff's motion was properly served on Defendant's counsel by first-class mail on the same day that it was filed, Defendant did not respond to the motion prior to the April 21, 2006 response deadline. Accordingly, on April 24, 2006, the OSE hearing examiner issued an order granting Plaintiff's motion for summary judgment, vacating the May 4, 2006 pre-hearing conference, and affirming the compliance order. Defendant's counsel received notice of the order on April 28, 2006, but Defendant never requested a post-decision hearing to contest it, appealed to the district court, or took any other action indicating that he disagreed with the OSE hearing examiner's decision.

{5} On June 8, 2006, Plaintiff filed a petition to enforce the compliance order in district court pursuant to Section 72–2–18(G). Defendant filed a timely answer, and Plaintiff subsequently filed a motion for summary judgment. After a hearing on the matter, the district court entered an order denying Plaintiff's motion, reversing the OSE hearing examiner's grant of summary judgment, and remanding the case to OSE for a comprehensive administrative hearing. The district court order indicates that, although summary judgment may have been appropriate, (1) Defendant was entitled to a comprehensive administrative hearing under Section 72–2–16 and (2) a "default" judgment in favor of Plaintiff was not appropriate because it would have been "possible" for the OSE hearing examiner to decide the case on its merits. This appeal followed.

## STANDARD OF REVIEW

{6} In this appeal, we must harmonize several statutory provisions and administrative regulations to determine whether the district court properly denied Plaintiff's request to enforce the compliance order against Defendant. In interpreting the language of a statute, "our primary goal is to effectuate the Legislature's intent," and "[w]e do so by looking first to the words the Legislature chose and the plain meaning of the language." *State v. Moya*, 2007–NMSC–027, ¶ 6, 141 N.M. 817, 161 P.3d 862; *see also Alliance Health of Santa Teresa, Inc. v. Nat'l Presto Indus., Inc.*, 2007–NMCA–157, ¶ 18, 143 N.M. 133, 173 P.3d 55 ("In interpreting sections of the Administrative Code, we apply the same rules as used in statutory interpretation."). If, however, the result of adopting a strict construction of the statutory language would be "absurd" or "unreasonable," we interpret the statute "according to its obvious spirit or reason." *Moya*, 2007–

NMSC–027, ¶ 6, 141 N.M. 817, 161 P.3d 862 (internal quotation marks and citation omitted). Our review is de novo. *State v. Simmons*, 2006–NMSC–044, ¶ 6, 140 N.M. 311, 142 P.3d 899; *see also State v. Brown*, 1999–NMSC–004, ¶ 8, 126 N.M. 642, 974 P.2d 136 ("Because this case involves issues concerning the district court's interpretation and application of [statutory] law, it is subject to de novo review."); *Alliance Health of Santa Teresa, Inc.*, 2007–NMCA–157, ¶ 18, 143 N.M. 133, 173 P.3d 55 (explaining that the interpretation of administrative regulations is a question of law that we review de novo).

## STATUTORY RIGHT TO A HEARING

■ {7} We first address Plaintiff's argument that Defendant has no absolute statutory right to a hearing before the compliance order can become final and enforceable. Our discussion begins with an analysis of the language of Section 72–2–16, which states:

If, without holding a hearing, the state engineer enters a decision, acts or refuses to act, any person aggrieved by the decision, act or refusal to act, is entitled to a hearing, if a request for a hearing is made in writing within thirty days after receipt by certified mail of notice of the decision, act or refusal to act. Hearings shall be held before the state engineer or his appointed examiner. A record shall be made of all hearings. No appeal shall be taken to the district court until the state engineer has held a hearing and entered his decision in the hearing.

According to Defendant, this language absolutely entitles him to a hearing, and a final compliance order cannot be entered until a comprehensive hearing takes place, regardless of whether he opts to participate in the proceedings. *See id.; see also* § 72–2–18(D)–(E) (stating that a compliance order may only be enforced if it is final and is not final until the state engineer takes "action" within thirty days after an administrative hearing or an appeal to the district court).

{8} In support of his argument that Section 72–2–16 does not provide Defendant with an absolute right to a hearing, Plaintiff principally relies on our holding in *Derringer*, 2001–NMCA–075, 131 N.M. 40, 33 P.3d 40. In *Derringer*, instead of conducting a full evidentiary hearing, the state engineer granted summary judgment to one party in a water appropriation dispute. *Id.* ¶ 3. After the state engineer entered the order, the other party requested a post-decision hearing pursuant to Section 72–2–16. *Derringer*, 2001–NMCA–075, ¶ 4, 131 N.M. 40, 33 P.3d 40. The state engineer rejected the request, and the losing party appealed to the district court. *Id.* We concluded that because the party appealed the state engineer's decision within the thirty-day period prescribed by Section 72–2–16, the state engineer was required to hold a post-decision hearing. *Derringer*, 2001–NMCA–075, ¶ 16, 131 N.M. 40, 33 P.3d 40.

{9} We agree with Plaintiff that our analysis in *Derringer* explicitly conditions the right to a post-decision hearing after a grant of summary judgment, under Section 72–2–16, on a party's timely request. *See Derringer*, 2001–NMCA–075, ¶ 12, 131 N.M. 40, 33 P.3d 40. Furthermore, we read *Derringer* to implicitly indicate that the right to such a hearing may be waived if a timely request is not made. *See id.* ¶¶ 12–16. As such, *Derringer* does not hold that the right to a hearing under Section 72–2–16 after a party receives notice of the state engineer's decision, act, or refusal to act is absolute. *See Derringer*, 2001–NMCA–075, ¶¶ 12–16, 131 N.M. 40, 33 P.3d 40. Rather, the right to a hearing granted by Section 72–2–16 is a procedural right that is intended to ensure that the state engineer affords an appropriate degree of process to the parties before a final decision is entered. *See* NMSA 1978, § 72–2–17 (1965).

■ {10} In the present case, Defendant failed to do the following: (1) comply with the OSE hearing examiner's scheduling order by timely filing a witness list, an exhibit list, and a rebuttal witness and exhibit list; (2) respond to Plaintiff's motion for summary judgment; (3) timely request a post-decision hearing after the OSE hearing examiner granted summary judgment; and (4) timely appeal the OSE hearing examiner's grant of summary judgment to the district court pursuant to NMSA 1978, § 72–7–1(B) (1971). Considering Defendant's inaction, we see no reason to read Section 72–2–16 to absolutely

require a post-decision hearing before a final order can be entered against him when Defendant did nothing but vitiate the process intended to support the meaningful resolution of his dispute. If we were to do so, we would effectively be encouraging litigants protesting compliance orders issued by OSE to intentionally frustrate the administrative process by consciously failing to participate, and we would therefore be permitting such litigants to indefinitely postpone the finalization of the compliance order via their non-participation. We will not do so. *Cf. Coppler & Mannick, P.C. v. Wakeland,* 2005–NMSC–022, ¶ 13, 138 N.M. 108, 117 P.3d 914 (concluding that applying statutory homestead exemption law to "facilitate intentional or malicious tortious conduct" would have led to an "absurd result" that the legislature could not have intended when it enacted the law). We therefore conclude that Defendant is not absolutely entitled to a comprehensive administrative hearing before OSE and that he waived his right in this case as a result of his inaction.

## FINALITY OF THE COMPLIANCE ORDER

█ {11} Next, we address Plaintiff's argument that the OSE hearing examiner in this case had the authority to finalize the compliance order without the express approval of the state engineer. Prior to its 2007 amendments, Section 72–2–18(D) provided that "[a] compliance order is final upon action by the state engineer within thirty days after a public hearing or within thirty days of an appeal pursuant to Section 72–7–1." Section 72–2–18(E) further stated that "[t]he state engineer shall not seek enforcement of a compliance order until it is final," and Section 72–2–18(G) stated that the state engineer may only file a civil action in district court to enforce a compliance order if it is "final." Having already concluded that Defendant is not absolutely entitled to a hearing before the compliance order from OSE can become final and enforceable, our question is whether the OSE hearing examiner's order granting summary judgment adequately finalized the compliance order under Section 72–2–18, even though the record is devoid of any indication that the state engineer took

any affirmative action to approve the summary judgment order.

{12} We begin our analysis with the observation that the applicable law requires the state engineer's express approval of an OSE hearing examiner's conclusions of law following a comprehensive administrative hearing before those conclusions can become final and enforceable. *See* NMSA 1978, § 72–2–12 (1965) ("The state engineer shall base his decision rendered in any matter heard by an examiner upon the record made by or under the supervision of the examiner in connection with such proceeding and the report and recommendation of the examiner; and his decision shall have the same force and effect as if said hearing had been conducted by the state engineer."); 19.25.2.10 NMAC (requiring an OSE hearing examiner "to make a report and recommendations to the state engineer" following the completion of a comprehensive administrative hearing). However, as we indicated in our legal calendar notice, the question remains whether such an action is required when an OSE hearing examiner enters an order *before* a comprehensive hearing has taken place. We therefore asked the parties to provide us with briefing regarding whether 19.25.2.32 NMAC, which discusses the ramifications of failing to timely participate in the administrative hearing process before OSE, provides OSE hearing examiners with the authority to issue final orders without the express consent of the state engineer.

{13} 19.25.2.32 NMAC states as follows:

Should the hearing examiner determine that the applicant has failed to meet his/her obligation to defend the application by timely participation in the administrative hearings process, the hearing examiner shall deny the application. Should the hearing examiner determine that a protestant has failed to meet its burden of timely participation in the administrative hearings process, the hearing examiner shall dismiss the protest. In the event that all protests are dismissed, the hearing examiner may remand the application to the OSE water rights division for action.

Plaintiff argues that the regulation "provides a hearing examiner with the power to make decisions on matters of case management that routinely and repeatedly occur" and that it does not require the state engineer "to approve or otherwise ratify a hearing examiner's decision to dismiss a matter for failure to prosecute." In response, Defendant does not contest that an OSE hearing examiner has the authority under 19.25.2.32 NMAC to dismiss a case when a party fails to adequately participate in the proceedings; rather, he bases his argument on the proposition that the regulation does not indicate that such a dismissal is final without "adoption by the State Engineer." We agree with Plaintiff and conclude that the compliance order became final for purposes of Section 72–2–18 when the OSE hearing examiner granted summary judgment in favor of Plaintiff on April 24, 2006.

{14} Although 19.25.2.32 NMAC does not expressly state that OSE hearing examiners are granted the authority to dismiss cases without the express approval of the state engineer, we read its final sentence to require such an interpretation. The regulation states that once all protests are dismissed, the OSE hearing examiner "may remand" to the OSE water rights division for further action, but it does not indicate that the state engineer must first approve the dismissal. *Id.; see also State v. Brennan,* 1998–NMCA–176, ¶ 5, 126 N.M. 389, 970 P.2d 161 ("We will not read language into the statute that is not there, especially when the statute makes sense as written."). Additionally, we are persuaded that, when read in context with the preceding regulations in the same part of the Administrative Code, *see State v. Davis,* 2003–NMSC–022, ¶ 12, 134 N.M. 172, 74 P.3d 1064 ("All of the provisions of a statute . . . must be read together to ascertain legislative intent."), 19.25.2.32 NMAC appears to have been promulgated with the intent of allowing OSE hearing examiners to dismiss a case when a party fails to timely participate in the administrative proceedings without requiring the express approval of the state engineer. For example, 19.25.2.30 NMAC requires an OSE hearing examiner to submit findings and recommendations to the state engineer for a "final decision" after a comprehensive

hearing has taken place, and 19.25.2.31 NMAC outlines the procedure that the state engineer must follow in issuing "his decision" after considering an OSE hearing examiner's findings and recommendations following a comprehensive hearing. On the contrary, 19.25.2.32 NMAC contemplates a situation in which a comprehensive hearing has not taken place and does not specifically require ratification by the state engineer for the OSE hearing examiner's dismissal to become final and enforceable.

{15} Finally, we note that we agree with Defendant that 19.25.2.32 NMAC does not expressly extend its application to compliance order proceedings; rather, it seems to be targeted exclusively at the filing of applications and protests in water appropriation proceedings. However, we also agree with Plaintiff that the intended scope of the part of the Administrative Code that includes 19.25.2.32 NMAC is quite broad. *See* 19.25.2.2 NMAC ("These rules govern the conduct and determination of the administrative hearings required or allowed by law . . . whether instituted by order of the office of the state engineer (OSE) or by the filing of an application, protest, aggrieval or other pleading."). Given 19.25.2.2 NMAC's inclusion of "order[s] of the office of the state engineer" and "other pleading[s]," we conclude that 19.25.2.32 NMAC must be read to include an OSE hearing examiner's authority to dismiss a party's protest in compliance order proceedings for his or her failure to timely participate in the pre-hearing proceedings.

## SUMMARY JUDGMENT AS A SANCTION

{16} We finally address Plaintiff's argument that the OSE hearing examiner acted within his discretion when he granted summary judgment in favor of Plaintiff and disposed of Defendant's case. In considering the propriety of an administrative order on appeal, we review the entire record to determine whether the order is "arbitrary and capricious, not supported by substantial evidence, or otherwise not in accordance with law." *Smyers v. City of Albuquerque,* 2006–NMCA–095, ¶ 5, 140 N.M. 198, 141 P.3d 542

(internal quotation marks and citation omitted).

{17} In issuing its order on Plaintiff's petition to enforce the compliance order, the district court concluded that enforcement in this case was inappropriate because "[w]here at all possible, matters should be decided on their merit and not by default." *See Lujan v. City of Albuquerque*, 2003–NMCA–104, ¶ 11, 134 N.M. 207, 75 P.3d 423 ("Dismissal with prejudice, however, usually requires an assessment of the violating party's conduct weighed against the underlying principles that cases should be tried on their merits and that dismissal is so severe a sanction that it must be reserved for the extreme case and used only where a lesser sanction would not serve the ends of justice."). We agree with the underlying rationale of the district court's conclusion that dismissals must only be ordered "sparingly." *Newsome v. Farer*, 103 N.M. 415, 420, 708 P.2d 327, 332 (1985). We stress, however, that when a party willfully fails to comply with a court order, dismissal may be appropriate. *Id.* at 420–21, 708 P.2d at 332–33. Under such circumstances, we have stated that a dismissal serves to "protect[ ] a diligent party from continual delay and uncertainty as to his rights." *Kutz v. Indep. Publ'g Co.*, 101 N.M. 587, 589, 686 P.2d 277, 279 (Ct.App.1984).

{18} We have concluded in this opinion that OSE hearing examiners are specifically authorized to dismiss cases in compliance order proceedings when a party "fail[s] to meet its burden of timely participation in the administrative hearings process." 19.25.2.32 NMAC. It is uncontested that Defendant failed to comply with the OSE hearing examiner's scheduling order and that he did not respond to the motion for summary judgment that stemmed from that failure. Defendant had an opportunity to dispute the propriety of summary judgment in favor of Plaintiff by filing a response to Plaintiff's motion and also had subsequent opportunities to contest the OSE hearing examiner's grant of summary judgment by requesting a post-decision hearing within thirty days after he received notice of the decision by certified mail, *see* § 72–2–16, or by appealing the OSE hearing examiner's order to the district court. *See* §§ 72–2–18(E), 72–7–1(B). Instead, Defendant opted to do nothing. Defendant's failure to act, even though he knew what the OSE hearing examiner demanded of him before he failed to comply with the scheduling order, leads us to our conclusion that the dismissal of his case was neither arbitrary nor capricious but, rather, was a proper decision made within the OSE hearing examiner's discretion in response to Defendant's conscious decision not to adequately participate in the administrative process.

## CONCLUSION

{19} We reverse the decision of the district court and remand to that court for further proceedings consistent with this opinion.

{20} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and CYNTHIA A. FRY, Judges.