This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**REGINAL AGUILAR,**

　　Plaintiff-Appellant,

**v.**                                                        No. 35,281

**LOU FINALOSKY,**

　　Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Reginal Aguilar
Albuquerque, NM

Pro se Appellant

Gregory Gahan
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**{1}** Plaintiff has appealed from the dismissal of the case with prejudice. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Plaintiff has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we affirm.

**{2}** We will avoid unnecessary reiteration here, focusing instead on the substantive content of the memorandum in opposition.

**{3}** Plaintiff no longer asserts that any matters remain pending before the district court. [MIO 1] Accordingly, Plaintiff's sixth issue has been abandoned.

**{4}** With respect to Plaintiff's first issue, as we previously observed, Plaintiff's failure to appear at the final pretrial hearing was not the basis for the dismissal of the action. [SRP 718-22] Plaintiff appears to agree. [MIO 1] We therefore conclude that this supplies no basis for any assertion of error.

**{5}** With respect to the second, third, and fourth issues, Plaintiff continues to argue that the district court erred in precluding him from testifying at trial as a consequence of his failure to list himself as a witness and fulfill related discovery obligations. [MIO 2-12] He contends that insofar as he was a party, he should not be classifiable as a witness. [MIO 2-6] However, an individual may be both a party and a witness; these classifications are in no way mutually exclusive. Plaintiff was unquestionably a party, and to the extent that he wished to testify, Plaintiff was also a putative witness. *See*

*Black's Law Dictionary* 1838 (10th ed. 2014) (defining "witness" so as to encompass any person who gives testimony under oath or affirmation). Insofar as Plaintiff failed to list himself as a witness, despite his obligation to do so under the Rules of Civil Procedure and the terms of the last relevant scheduling order, [RP 584] *see* Rule 1-026(B)(3) NMRA (providing that each party is entitled to "discovery of the identity of each person expected to be called as a witness at trial," together with the subject matter and substance of each witness' testimony), it was well within the district court's discretion to preclude him from testifying. *See* Rule 1-037(B)(2) NMRA (providing that failure to comply with discovery obligations subjects a party to sanctions, including prohibiting the disobedient party from introducing designated matters in evidence); *and see, e.g., Lewis ex rel. Lewis v. Samson*, 2001-NMSC-035, ¶¶ 13-17, 131 N.M. 317, 35 P.3d 972 (indicating that the imposition of sanctions for discovery violations, including the exclusion of witnesses, is discretionary, and affirming an order excluding witnesses that were not properly disclosed in discovery responses); *Sanchez v. Borrego*, 2004-NMCA-033, ¶ 19, 135 N.M. 192, 86 P.3d 617 (affirming the exclusion of witnesses as a sanction for failure to timely disclose in the course of discovery); *Herrera v. Springer Corp.*, 1976-NMCA-015, ¶¶ 13-16, 89 N.M. 45, 546 P.2d 1202 (affirming the exclusion of a witness who was not properly disclosed in a pretrial order); *and see generally Wirth v. Commercial Res., Inc.*, 1981-

3

NMCA-057, ¶ 20, 96 N.M. 340, 630 P.2d 292 ("The trial court does not abuse its discretion when it refuses to allow the testimony of a witness not included in the pretrial order, when that witness is not presenting rebuttal evidence.").

{6} Plaintiff contends that the foregoing authorities do not provide support for the district court's ruling in this case because they address the exclusion of witnesses who were not parties. [MIO 6-7] Plaintiff asserts that "this kind of citation reflects the same thing as the district court did in citing to cases as well as to isolated passages out of context that have no pointed relevance . . . except to address the issue in a rather general manner[.]" [MIO 6] However, the application of general principles of law, in an evenhanded and uniform fashion, is a function of the courts. In this case, the rules and cases cited establish and illustrate principles of broad application, which are equally applicable to any situation in which a party (*i.e.*, Plaintiff) has failed to comply with discovery and scheduling obligations (*i.e.*, by failing to formally identify all individuals whose testimony he intends to present, together with the subject matter and substance of their testimony). Although Plaintiff appears to believe that he was entitled to an exception which would take him outside these general rules of universal application, we find no support for his position. We specifically note that, contrary to Plaintiff's assertion, the opinion in *Lewis*, 2001-NMSC-035, is not supportive of Plaintiff's argument. [MIO 7] *Lewis* does not indicate one way or the other whether

4

the plaintiff listed herself as a witness, intended to appear as a witness, or ever testified. As such, neither *Lewis*, nor any other authority of which we are aware supplies support for Plaintiff's assertion that a party-plaintiff should be excused from complying with the rules of discovery relative to his or her own testimony. We therefore reject Plaintiff's argument. *See generally Cordova v. Cline*, 2013-NMCA-083, ¶ 28, 308 P.3d 975 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

{7}     By the fifth issue (partially combined with his discussion of the second, third, and fourth issues), we understand Plaintiff to contend that the dismissal of the action was an unduly harsh sanction for the discovery violation. [MIO 8-12] We understand Plaintiff to relatedly argue that the equities do not support the severe sanction of dismissal of the action, on the theory that lesser sanctions might have sufficed. [MIO 13-14] However, "the trial court is not required to exhaust less severe sanctions in imposing a just remedy for a violation of discovery rules." *Lewis*, 2001-NMSC-035, ¶ 13. In light of the district court's finding that Plaintiff's discovery violations were willful, and would have given him tactical advantage in the form of unfair surprise, [SRP 721-22] the district court's ultimate ruling is affirmable. *See generally D'Antonio v. Garcia*, 2008-NMCA-139, ¶ 17, 145 N.M. 95, 194 P.3d 126 ("[W]hen a party willfully fails to comply with a court order, dismissal may be appropriate

[u]nder such circumstances, we have stated that a dismissal serves to protect a diligent party from continual delay and uncertainty in his rights.") (alteration, internal quotation marks, and citation omitted)); *Allred ex rel. Allred v. Bd. of Regents of the Univ. of N.M.*, 1997-NMCA-070, ¶¶ 17, 20-28, 123 N.M. 545, 943 P.2d 579 (holding that when a discovery obligation is consciously or intentionally violated, a default judgment is within the proper parameters of discretion). To the extent that Plaintiff invites this Court to arrive at a different conclusion in reliance upon out-of-state authority, [MIO 8-12] we decline the invitation.

**{8}** Finally, Plaintiff cites a number of authorities relating to Rule 11-615 NMRA (pertaining to the exclusion of witnesses from the courtroom "so that they cannot hear" the testimony of other witnesses). [MIO 13-21] Rule 11-615 exists as a courtroom management tool, which is designed to prevent witnesses from tailoring their testimony to that of another witness and to allow inconsistencies in the testimony to be exposed. *State v. Trevino*, 1991-NMCA-085, ¶ 19, 113 N.M. 804, 833 P.2d 1170, *aff'd sub nom. State v. Orosco*, 1992-NMSC-006, 113 N.M. 780, 833 P.2d 1146. As previously discussed, the exclusion of Plaintiff as a witness had nothing to do with the application of Rule 11-615; it was a sanction for Plaintiff's discovery violations. As such, the cited authorities have no bearing on the matter at hand.

**{9}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we conclude that the district court acted within its discretion. *See generally Lewis*, 2001-NMSC-035, ¶ 13 (observing that we review a trial court's decision to impose discovery sanctions for an abuse of discretion, and applying this standard, we will disturb the trial court's ruling only if its decision is clearly untenable or contrary to logic and reason). We therefore affirm.

**{10}** **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**


_____

**STEPHEN G. FRENCH, Judge**