Certiorari Denied, January 12, 2016, No. S-1-SC-35652

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number:  2016-NMCA-017

Filing Date:  November 19, 2015

Docket No. 33,657

BERNADETTE TENNYSON,
ROLLIE A. GRANDBOIS, LYDIA LEYBA,
GURU SHABD KHALSA, ESTER BAEHR,
and ARAMATI ISHAYA, on behalf of themselves
and all others similarly situated,

    Plaintiffs-Appellees,

v.

SANTA FE DEALERSHIP ACQUISITION II, INC.
d/b/a PREMIER MOTORCARS OF SANTA FE,
DON BONNER, STEVE GALLEGOS,
and MONTY MITCHELL,

    Defendants-Appellants.

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Judge

The Vargas Law Firm, LLC
Ray M. Vargas, II
Albuquerque, NM

Jaramillo Touchet
David Jaramillo
Maria E. Touchet
Albuquerque, NM

for Appellees

Guebert Bruckner P.C.
Terry R. Guebert
Christopher J. DeLara

David C. Odegard
Albuquerque, NM

for Appellants

**OPINION**

**HANISEE, Judge.**

**{1}** Defendants appeal the district court's denial of their motion to compel arbitration against absent class members. We affirm.

**BACKGROUND**

**{2}** Plaintiffs filed a putative class-action lawsuit against Defendants on December 10, 2010. The complaint alleged Defendants sold used cars to Plaintiffs and others without disclosing their accident history, in violation of New Mexico common law and various statutes. In lieu of answering the complaint, Defendants filed a motion to dismiss, which the district court denied on May 4, 2011. Defendants filed an answer the next day, and a second answer on November 3, 2011 after the district court permitted Plaintiffs to amend their complaint to include additional allegations of fact and two new claims against Defendants.

**{3}** On November 15, 2011, Defendants filed a motion for summary judgment on the named Plaintiffs' claims. On February 20, 2012, the district court granted in part and denied in part Defendants' motion. More than a year of discovery and discovery-related motions practice ensued. On July 29, 2013, Defendants filed renewed motions for summary judgment on Plaintiffs' remaining claims. The motions remain pending before the district court.

**{4}** The day after Defendants filed their renewed motions for summary judgment, Plaintiffs filed a motion to certify this case as a class action under Rule 1-023(B)(2), (B)(3) NMRA. On September 24, 2013, the district court granted Plaintiffs' motion to certify. Defendants sought leave to appeal the district court's order certifying the case as a class action, a request that our Court denied by written order on January 7, 2014. *See* Rule 1-023(F) ("The Court of Appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification.").

**{5}** On December 9, 2013, Defendants filed a motion to compel arbitration against class members who had been joined to the action by the district court's certification order. Defendants' motion asserted that Plaintiffs and all absent members of the class had signed a Buyers Order Agreement (the Agreement) that contained a clause requiring all disputes arising from the Agreement to be decided by arbitration.

**{6}** On February 19, 2014, the district court denied Defendants' motion to compel arbitration. The district court found that Defendants had waived their right to invoke the

2

arbitration clause in the Agreement. The district court made the following findings of fact in support of this conclusion.

1. Plaintiffs filed their initial class action complaint on December 10, 2010.

2. Defendants filed a motion to strike and dismiss Plaintiffs' complaint on January 31, 2011, and the motion did not "[refer] to arbitration or [seek] to compel arbitration."

3. Defendants filed an answer to Plaintiffs' complaint on May 5, 2011. The answer made no reference to the arbitration clause and did not seek to compel arbitration.

4. Plaintiffs moved to amend their complaint on May 16, 2011.

5. Defendants filed their response to the motion to amend on May 27, 2011. The response made no mention of the arbitration clause and did not seek to compel arbitration.

6. Defendants filed an answer to Plaintiffs' first amended complaint on November 3, 2011. The answer did not mention the arbitration clause or seek to compel arbitration.

7. Defendants filed a motion for summary judgment on November 15, 2011. Attached to the motion was an affidavit executed by one of the named Defendants, Monty Mitchell. Attached to Mitchell's affidavit was a copy of the Agreement between Defendants and Plaintiff Guru Shabd Khalsa. Defendant Mitchell's affidavit states that the attached Agreement "is true, correct and complete," but the Agreement does not contain an arbitration clause.

8. Between June 1, 2011, and December 9, 2013, the parties engaged in substantial discovery, including written discovery, depositions of the parties, and designated witnesses under Rule 1-030 NMRA.

9. Between June 1, 2011, and December 9, 2013, the parties engaged in substantial judicial activity, including motions to compel, motions for protective orders, scheduling conferences, and class certification without any Defendant asserting a right to arbitration.

10. Throughout these proceedings, Defendants acted inconsistently with any intent to enforce any right to arbitration or to assert any right to arbitrate.

11. All parties have incurred substantial costs and expenses in the discovery

3

process and in participating in judicial proceedings since December 10, 2010.

12. Compelling arbitration after Defendants delayed in asserting a right to arbitrate would substantially prejudice Plaintiffs as the amount of time and expenses incurred by them in prosecuting the class claims could have been avoided with a timely demand for arbitration.

13. Defendants waived any right to compel arbitration with respect to the named Plaintiffs and the unnamed class members.

**{7}** On March 10, 2014, Defendants appealed the district court's order denying their motion to compel arbitration. *See* NMSA 1978, § 44-7A-29(a)(1) (2001) ("An appeal may be taken from[] an order denying a motion to compel arbitration[.]").

## STANDARD OF REVIEW

**{8}** Substantial evidence must support a district court's conclusion that a party has waived its right to arbitrate a dispute. *United Nuclear Corp. v. Gen. Atomic Co.*, 1979-NMSC-036, ¶ 36, 93 N.M. 105, 597 P.2d 290. Three principles govern our review of the district court's waiver finding in the context of a motion to compel arbitration: (1) the strong public policy preference in favor of arbitration, (2) "relief [should] only be granted upon a showing of prejudice to the party opposing arbitration[,]" and (3) "the extent to which the party now urging arbitration has previously invoked the machinery of the judicial system." *Bd. of Educ. Taos Mun. Sch. v. Architects,* 1985-NMSC-102, ¶¶ 7-10, 103 N.M. 462, 709 P.2d 184.

## DISCUSSION

**{9}** Defendants do not challenge the district court's finding that the named Plaintiffs would be prejudiced by an order compelling arbitration. Nor do Defendants offer any argument that the public policy favoring enforcement of arbitration clauses requires reversal in this case. Instead, Defendants challenge (A) the district court's factual findings underlying its conclusion that Defendants failed to invoke their right to arbitrate this dispute until two years after Plaintiffs filed their complaint, and (B) the district court's conclusion that Defendants had waived their right to compel arbitration against absent class members who were joined to this action by the district court's order certifying this case as a class action.

**The District Court's Findings of Fact Were Supported by Substantial Evidence**

**{10}** Defendants challenge the district court's finding that Defendants' answer to Plaintiffs' first complaint on May 5, 2011, did not refer to the arbitration clause or otherwise seek to compel arbitration. Defendants say they invoked the arbitration clause in the ninth affirmative defense, which states that "Plaintiffs' claims are subject to terms, conditions, exclusions, and limitations as provided by contract, and Plaintiffs' claims are limited or

4

barred by said provisions."

**{11}** We disagree. In *Architects*, our Supreme Court reversed the district court's order compelling arbitration, finding that the defendants had "clearly waived their right to demand arbitration." *Id.* ¶ 17. In *Architects*, the Court noted that the defendants had made express mention of a contractual right to arbitrate their dispute with the plaintiff in their first affirmative defense in their answer to the plaintiff's complaint. *Id.* ¶ 3. The court noted that:

> Had they not done so, waiver might be presumed. Had they moved promptly thereafter to dismiss the claim against them and to compel arbitration, their motion would have been granted, and upheld by this court on appeal.
>
> . . . Instead, Architects raised other affirmative defenses, did not press the issue of arbitration, and proceeded with discovery, after the matter had been set for trial. Furthermore, Architects requested the assistance of the trial court to allow more time for and to compel discovery. At no time prior to the July 30, 1984, motion did they give notice that they intended to demand arbitration.

*Id.* ¶¶ 11-12.

**{12}** This case is distinguishable from *Architects*, but not in a manner that favors Defendants. Here, unlike the defendants in *Architects*, Defendants did not mention their entitlement to arbitration in their ninth affirmative defense; they simply stated that Plaintiffs' claims were subject to the terms and provisions of the Agreement. But even assuming Defendants' generic invocation of the contract as a whole was sufficient to invoke the arbitration clause, *see* Rule 1-008(C) NMRA ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . arbitration and award[.]"), *Architects* makes clear that waiver may still be found when the defendant "[does] not press the issue of arbitration" and otherwise invokes the judicial process in a manner inconsistent with an intent to compel arbitration. *Architects*, 1985-NMSC-102, ¶ 12. In other words, even if we were to agree with Defendants' challenge to this aspect of the district court's findings of fact, Defendants need to show why the district court's additional findings—i.e., that Defendants continued to act in a manner inconsistent with an intent to arbitrate *even after* filing their answer—are not supported by substantial evidence.

**{13}** In this regard, Defendants next argue that the district court's finding that "Between June 1, 2011, and December 9, 2013, the parties engaged in substantial judicial activity . . . without any Defendant asserting a right to arbitration" was erroneous because Defendants invoked their right to arbitration in their renewed motions for summary judgment filed July 29, 2013. Although it is true that Defendants quote the arbitration clause in each motion, the quotations were not provided to support any contention that the court should compel arbitration. Instead, Defendants asked the court to enter summary judgment on the Plaintiffs' claims as either time-barred or failing to create a genuine issue of material fact as to liability.

5

We see no error in the district court's finding that Defendants' motions did not assert their right to arbitration because the motions did not ask the district court to compel arbitration; rather, the motions merely quoted the arbitration clause and then asked the district court to enter judgment on Plaintiffs' claims based upon their tardiness or the absence of disputed material facts within them. *See* Rule 1-007(B)(1) NMRA ("An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing . . . *and shall set forth the relief or order sought.*" (emphasis added)). Accordingly, there is no error in the district court's finding that Defendants failed to assert their right to arbitration between June 1, 2011, and December 9, 2013.

**Defendants Waived Their Right to Compel Absent Class Members to Arbitrate Their Claims Against Defendants**

**{14}** Defendants argue that even if the district court's findings of fact support its conclusion that Defendants waived their right to compel arbitration against the named Plaintiffs, the facts the district court relied on to make its conclusion did not support a finding of waiver as to absent members of the class action. In other words, Defendants contend that the district court's finding of waiver as to the absent class members was not supported by substantial evidence because its findings of prejudice and the extent that Defendants had invoked the machinery of the judicial system related only to the named Plaintiffs, not absent class members. Defendants maintain that an order compelling arbitration would not bind absent class members until the district court entered an order certifying this case as a class action, so moving to compel arbitration before this case was certified as a class action would have been futile.

**{15}** We disagree. Whether a party has waived its right to arbitrate a dispute depends on whether the party "intentional[ly] relinquish[ed] . . . the right to arbitrate." *United Nuclear Corp.*, 1979-NMSC-036, ¶ 36. There is no way to answer this question directly, *see id.* ¶ 51, so a district court must look to a party's outward manifestations in order to determine whether the party "act[ed] inconsistent[ly] with its right to demand arbitration." *Id.* ¶ 36. There is no reported New Mexico case analyzing a motion to compel arbitration against absent class members. And while *United Nuclear Corp.* and *Architects* provide the controlling analysis of waiver in this case, *United Nuclear Corp.* looked exclusively to federal courts' analyses of waiver under the Federal Arbitration Act in determining what considerations should apply in analyzing New Mexico's statutory counterpart. *See United Nuclear Corp.*, 1979-NMSC-036, ¶¶ 32-47. The Tenth Circuit Court of Appeals recently dealt with the issue in *In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig.*, 790 F.3d 1112 (10th Cir. 2015), *petition for cert. filed*, *Cox v. Healy*, (Oct. 14, 2015) (No. 15-466), and we find that case to provide helpful footing to our analysis of the Defendants' argument that the district court should have ordered absent class members to arbitrate their claims against Defendants.

**{16}** In *In re Cox*, the plaintiffs were consumers who had filed putative class action lawsuits relating to the defendant's provision of cable television service. 790 F.3d at 1114.

Actions pending in different jurisdictions were consolidated, and the defendant filed a motion to dismiss all of the named plaintiffs' claims. *Id.* While the motion to dismiss was pending, the defendant began inserting mandatory arbitration clauses into its contracts with customers, "including putative class members." *Id.* The plaintiffs' efforts to certify a nationwide class failed, *id.* at 1115, so the plaintiffs amended their complaint to assert a more discrete geographical class definition. *Id.* The defendant again moved to dismiss the plaintiffs' claims for failure to state a claim for relief, and "did not mention the arbitration agreements in that motion." *Id.*

{17}    After the district court denied the defendant's motion to dismiss,

> [t]he parties then engaged in extensive pretrial discovery, issuing interrogatories, submitting declarations, exchanging tens of thousands of documents, locating and hiring experts, and deposing witnesses. In September 2013, named [the plaintiff] moved to certify a class. [The defendant] opposed the motion and moved to exclude the testimony of [the plaintiff]'s experts in support of the motion. Nowhere in its answer did [the defendant] inform the district court of its arbitration agreements or raise the presence of these agreements as an impediment to the alleged numerosity, typicality, and commonality of the class.
>
> During the pendency of the motion for class certification, the parties continued to engage in discovery. [The defendant] also filed a surreply in opposition to the motion for certification, which again did not mention the arbitration provisions. In January 2014, in an order that extensively addressed [the defendant's] arguments relating to the requirements for certification, the court granted class certification. [The defendant] moved for reconsideration on several grounds, but the impact of the arbitration clauses was not among them. That motion was denied. In March 2014, [the defendant] sought permission from this [C]ourt to appeal the certification decision, arguing that the district court erred in analyzing the Federal Rule of Civil Procedure 23 factors. It did not mention arbitration in that petition, which was denied. In April 2014—two years into the litigation—[the defendant] moved to compel arbitration. That same day, it also moved for summary judgment. In its original motion to compel, [the defendant] suggested that it sought to compel arbitration against both the absent class and named [the plaintiff], and attached his arbitration agreement to the motion. It was not until its reply brief that [the defendant] firmly clarified that it was not seeking to arbitrate [the plaintiff]'s claims.

*Id.* (citations omitted). The district court found that the defendant had waived its right to compel arbitration against the absent class members, and denied the defendant's motion to compel arbitration. *Id.* Defendant appealed. *Id.*

7

**{18}** Like the district court below, the Tenth Circuit applied the following six-factor test from *Peterson v. Shearson/Am. Express, Inc.*, 849 F.2d 464 (10th Cir. 1988) to determine whether the defendant had waived its right to arbitrate:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

*In re Cox*, 790 F.3d at 1116 (quoting *Peterson*, 849 F.2d at 467-68). Although these factors differ from those set out in *Architects*, 1985-NMSC-102, ¶¶ 7-10, the first five *Peterson* factors can be subsumed within *Architects*' invocation of the machinery of the judicial system factor. *See Architects*, 1985-NMSC-102, ¶ 10. The remaining *Peterson* factor is the prejudice suffered by the party opposing arbitration, which corresponds exactly with *Architects*' "prejudice" factor. *See Architects*, 1985-NMSC-102, ¶ 9.

**{19}** Turning to the Tenth Circuit's application of the *Peterson* factors to the district court's motion to compel arbitration against absent class members in *In re Cox*, the court upheld the district court's finding that the defendant had acted inconsistently with its right to arbitrate against absent class members by failing to mention the clause in its opposition to the plaintiffs' motion to certify a class. *In re Cox*, 790 F.3d at 1116-17. Specifically, the district court found, and the Tenth Circuit agreed, that the defendant's failure to mention the arbitration clause in its response to the motion to certify was strong evidence that the defendant did not intend to compel arbitration because the clause covered the vast majority of absent class members, undermining the plaintiffs' argument that absent class members were too numerous to be joined to the action. *Id.* Further, the Tenth Circuit agreed with the district court that the defendant's invocation of other class-wide bars to relief as grounds against satisfaction of the federally applicable numerosity requirement was strong evidence of an intent not to arbitrate. *In re Cox*, 790 F.3d at 1116-17. Finally, the court noted that the defendant had moved to compel arbitration on the same day as it moved for summary judgment on the plaintiffs' claims, and did not seek a stay of ruling on the summary judgment motions pending the court's ruling on the motion to compel. *Id.* at 1117.

**{20}** The facts in this case are similar to the facts in *In re Cox*. Defendants made no argument to the district court that the binding arbitration clause in the Agreement limited the number of class members who could be joined to the action. Like the defendant in *In re Cox*, Defendants instead argued that Plaintiffs' putative class action failed to meet the requirements of numerosity and commonality because absent class members' claims were

barred for the same reasons as those set out in its motion for summary judgment on the named Plaintiffs' claims. Thus, Defendants in effect conceded that the district court should grant Plaintiffs' motion to certify if it was going to deny Defendants' pending motions for summary judgment on the named Plaintiffs' claims. Like the defendant in *In re Cox*, Defendants did not present the arbitration clause as an alternative class-wide basis for denying Plaintiffs' motion to certify, wholly divorced from the merits of the underlying claims at issue.

**{21}** The Tenth Circuit also adopted the district court's application of the second, third and fifth *Peterson* factors. *In re Cox*, 790 F.3d at 1117-18. The court found that the defendant's extensive use of discovery procedure, filing of dispositive motions, and interlocutory appeal of the district court's certification order constituted extensive use of the judicial process that was inconsistent with an intent to arbitrate. *Id.* So too here: Defendants have availed themselves of discovery rules that might not otherwise be available in arbitration. Likewise, Defendants have accessed judicial processes by filing multiple dispositive motions below and seeking interlocutory review in this Court of the district court's certification order. The defendant in *In re Cox* could at least point to the fact that the arbitration clauses had been inserted into its contracts with putative class members after litigation had commenced. In this case, the arbitration clause was in effect from the inception of litigation. Thus, the facts in this case provide even stronger support for the district court's finding that Defendants sought to invoke the machinery of litigation in a manner inconsistent with their right to arbitrate.

**{22}** Finally, the Tenth Circuit agreed with the district court that the *In re Cox* plaintiffs had shown prejudice resulting from the defendant's tardy filing of a motion to compel arbitration:

> Both parties conducted extensive discovery, at great expense, with an eye toward establishing an ascertainable class[.] . . . Now, after briefing and discovery is complete and after [the defendant] lost on the merits, it seeks to remove up to 87% of the class. [S]uch a redo [of the class certification analysis] would surely impose costs on [the plaintiff]—costs that would have been entirely preventable had [defendant] informed the court about the presence of the agreements in the first instance.

*Id.* at 1118 (internal quotation marks, citation omitted). We acknowledge that the putative class in this appeal contains little more than one hundred members. But the Tenth Circuit analyzed the prejudice created by the defendant's tardy motion to compel arbitration from the perspective of named plaintiffs who sought to represent absent class members. *Id.* The same principle applies in this case: Plaintiffs manifested their intent to seek class certification in their initial complaint filed December 10, 2010. Only after nearly three years of extensive litigation, discovery, and an order certifying the class from which Defendants unsuccessfully appealed, did Defendants file a motion to compel arbitration.

**{23}** Defendants retort that an order compelling arbitration would not bind absent class members until the district court entered an order certifying this case as a class action, so moving to compel arbitration before this case was certified as a class action would have been futile. But the question is not whether or when absent class members would be bound by an order compelling arbitration; the question is whether Defendants waived their right to invoke their right to arbitrate disputes with absent class members. Simply because the district court did not have jurisdiction to compel absent class members to arbitrate their claims does not mean that Defendants had no obligation to rely upon the clause before the district court granted Plaintiffs' motion to certify. *See id.* at 1119 ("The [district] court may not have been able to compel arbitration of absent class members [before it certified a class], but [the defendant's] assertion or mention of its right at that point would have fundamentally changed the course of the litigation, ensured a more expedient and efficient resolution of the trial, and prevented [the defendant's] gamesmanship." (emphasis omitted)).

**{24}** Ample evidence in the record supports the district court's conclusion that Defendants waived their right to compel absent class members to arbitrate their claims. Plaintiffs sought class certification at the outset of their case. Only after nearly three years of extensive litigation, discovery, and an order certifying the action did Defendants file a motion to compel arbitration. We perceive no error in the district court's finding that Defendants' manner of litigation—moving for dismissal of Plaintiffs' complaint, engaging in extensive discovery, filing multiple motions for summary judgment, opposing class certification and appealing the district court's certification order, all the while omitting any mention of an intent to compel arbitration—manifested an intent to waive their right to compel arbitration against absent class members to such a degree that allowed Plaintiffs and the district court to rely on the waiver.

## CONCLUSION

**{25}** The district court's denial of Defendants' motion to compel arbitration against absent class members is affirmed.

**{26}** **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**JONATHAN B. SUTIN, Judge**