2001–NMCA–075

33 P.3d 40

**David DERRINGER, Plaintiff–Appellant,**

**v.**

**Thomas C. TURNEY, New Mexico State Engineer and Mick and Jennifer Chapel, husband and wife, Defendants–Appellees.**

**No. 21,059.**

Court of Appeals of New Mexico.

Aug. 13, 2001.

Certiorari Denied, No. 27,121, Sept. 19, 2001.

David Derringer, Quemado, NM, pro se.

DL Sanders, Special Assistant Attorney General, Joseph E. Manges, Comeau, Maldegen, Templeman & Indall, LLP, Santa Fe, NM, for Appellees.

## OPINION

FRY, Judge.

{1} After the state engineer entered an adverse decision on his application for a permit to acquire water rights, Appellant David Derringer appealed to the district court. The Seventh Judicial District Court dismissed his appeal on the ground that it lacked jurisdiction over it because Derringer had not served the other parties—Mick and Jennifer Chapel (the Chapels), and the state engineer—within the required time. Derringer now appeals to this Court, and we reverse the district court's order of dismissal and instruct the district court to remand this case to the state engineer for a post-decision hearing consistent with NMSA 1978, § 72-2-16 (1973).

## BACKGROUND

{2} This case developed out of a long-standing dispute over water rights between Derringer's family and the Chapels, who live on neighboring properties. In 1994, the Chapels filed suit for declaratory and injunctive relief to stop Derringer's wife and mother-in-law (the Nevitts) from damming a creek that flowed through both properties. A few months later, Derringer and the Nevitts filed an application with the state engineer for a permit to appropriate water from the creek. The state engineer had not yet ruled on the application when the district court entered a judgment declaring that the Chapels had a prior right to the water in the creek, and enjoined the Nevitts from obstructing the flow of water. On appeal to this Court from that judgment, the only issue raised was whether the Chapels were required to have a permit to store water from the creek in a pond if they then used that water to irrigate their land. We held that under the statute in effect at that time, but which has since been amended, the Chapels were not required to

have a permit in order to use the water stored in their small pond for any purpose.[1]

{3} In 1996, Derringer and the Nevitts sought to amend their application for a permit, and at the end of 1998, the Chapels moved in that proceeding for summary judgment and requested a hearing on their motion. Derringer and the Nevitts responded to the Chapels' request for a hearing, arguing that the hearing officers already had all the information needed to make their decision and that in the interest of judicial economy the request for a hearing should be denied. On March 4, 1999, the state engineer denied the Chapels' request for a hearing and granted their motion for summary judgment, stating that the validity of the Chapels' right to appropriate water from the creek had been determined by the district court decision in the earlier case and that there was insufficient water in the creek to permit Derringer and the Nevitts to appropriate water without interfering with the Chapels' prior right.

{4} On March 10, 1999, Derringer then requested a post-decision hearing under Section 72–2–16. On March 22, 1999, the state engineer mailed his order, entered on March 17, 1999, denying the request for a post-decision hearing, which the state engineer referred to as a "request for rehearing." Derringer then appealed the decision of the state engineer to the district court, serving his notice of appeal on the state engineer on April 8, 1999, and on the Chapels on April 19, 1999. The Chapels filed a motion to dismiss the appeal for lack of jurisdiction, arguing the appeal was untimely under NMSA 1978, § 72–7–1(B) (1971), because they were not served with the notice of appeal within thirty days of Derringer's receipt of the state engineer's decision on the motion for summary judgment. The state engineer also filed a motion to dismiss for lack of jurisdiction because Derringer did not serve the attorney general with the notice of appeal within thirty days of receiving the state engineer's decision on the motion for summary judgment. On January 10, 2000, the district court dismissed Derringer's appeal, finding it had no jurisdiction to proceed. This appeal followed.

## DISCUSSION

■ {5} Derringer raises seven issues on appeal, six of which are substantive and arise from the state engineer's order granting summary judgment. However, because the district court dismissed the appeal without reaching the merits of what would have been a de novo appeal under Section 72–7–1(E), the only issue for us to address is whether the district court erred in concluding it lacked jurisdiction to hear Derringer's appeal from the state engineer's decision. We recognize that time limits imposed by statute for appealing decisions of administrative agencies to the courts have been strictly enforced. *El Dorado Utils., Inc. v. Galisteo Domestic Water Users Ass'n,* 120 N.M. 165, 167, 899 P.2d 608, 610 (Ct.App.1995). As this Court observed in *El Dorado,* " '[j]urisdiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with. The courts have no authority to alter the statutory scheme, cumbersome as it may be.' " *Id.* (quoting *In re Application of Angel Fire Corp.,* 96 N.M. 651, 652, 634 P.2d 202, 203 (1981)).

■ {6} Section 72–7–1(B), states the applicable time limit as follows:

> Appeals to the district court shall be taken by serving a notice of appeal upon the state engineer and all parties interested within thirty days after receipt by certified mail of notice of the decision, act or refusal to act. If an appeal is not timely taken, the action of the state engineer is conclusive.

Thus, the failure to serve any party within thirty days of the "decision, act or refusal to act" means that the district court never acquires jurisdiction to hear the appeal. *Id.*; *see El Dorado,* 120 N.M. at 169, 899 P.2d at 612 (stating service "must be effected on all parties within the statutory 30–day period for the court to have jurisdiction to hear the

---

1. In 1997, the legislature amended NMSA 1978, § 72–5–32 (1997), to remove the language stating that water impounded in small ponds by small dams exempted from the permit requirement could be used for any purpose.

appeal"). Both the Chapels and the state engineer argue that they were not served in a timely manner.

### The Timeliness of Service on the Chapels

{7} Derringer argues that his service on the Chapels was timely because he served the Chapels within thirty days of the state engineer's refusal to act on his motion requesting a post-decision hearing. He asserts that under Section 72–2–16, the state engineer was required to hold a post-decision hearing before the case could be appealed to the district court. Because he requested a post-decision hearing, Derringer argues, he was not free to appeal until the state engineer acted or refused to act on his request. The Chapels argue that because Derringer opposed the pre-decision hearing on their motion for summary judgment, he waived whatever right he had to a post-decision hearing under Section 72–2–16. The question whether the state engineer was required to give Derringer a post-decision hearing when he had opposed a pre-decision hearing is an issue of first impression that requires us to construe Section 72–2–16.

{8} Interpretation of a statute is a matter of law, which an appellate court reviews de novo. *Morgan Keegan Mortgage Co. v. Candelaria*, 1998–NMCA–008, ¶ 5, 124 N.M. 405, 951 P.2d 1066. The first rule of statutory construction is that the " 'plain language of a statute is the primary indicator of legislative intent.' " *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998–NMSC–050, ¶ 5, 126 N.M. 413, 970 P.2d 599 (quoting *Gen. Motors Acceptance Corp. v. Anaya*, 103 N.M. 72, 76, 703 P.2d 169, 173 (1985)). Moreover, "[i]f the meaning of a statute is truly clear, it is the responsibility of the judiciary to apply it as written and not second guess the legislature's policy choices." *State ex rel. State Engineer v. Lewis*, 121 N.M. 323, 325, 910 P.2d 957, 959 (Ct.App. 1995).

{9} Section 72–2–16 sets out the statutory scheme for hearings on decisions of the state engineer:

> The state engineer may order that a hearing be held before he enters a decision, acts or refuses to act. If, without

holding a hearing, the state engineer enters a decision, acts or refuses to act, any person aggrieved by the decision, act or refusal to act, is entitled to a hearing, if a request for a hearing is made in writing within thirty days after receipt by certified mail of notice of the decision, act or refusal to act. Hearings shall be held before the state engineer or his appointed examiner. A record shall be made of all hearings. No appeal shall be taken to the district court until the state engineer has held a hearing and entered his decision in the hearing.

{10} It is undisputed that Derringer, the aggrieved party in this case, did not receive a hearing. It is also undisputed that the Chapels requested a pre-decision hearing, and Derringer responded that a pre-decision hearing was unnecessary in the interest of judicial economy because all the information the state engineer needed to decide the case was included in the record. The Chapels rely on *Armijo v. Save 'N Gain*, 108 N.M. 281, 284, 771 P.2d 989, 992 (Ct.App.1989), to argue that Derringer's action in opposing the pre-decision hearing constituted a waiver of his right to any hearing.

{11} We are not persuaded that the analysis in *Armijo* applies to this case. In *Armijo*, a workers' compensation case, our Supreme Court addressed whether a worker's due process rights were violated by the type of process given. Citing *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the court concluded that "there is no deprivation of due process rights where a claimant has been accorded an opportunity to be heard through the informal hearing and affirmatively waived her right to a subsequent formal hearing" through a written acceptance of the recommended resolutions. *Armijo*, 108 N.M. at 284, 771 P.2d at 992. In this case, no informal hearing was provided, and Derringer did not affirmatively waive his right to a subsequent formal hearing.

{12} In administrative proceedings of the type at issue in this case, the language of the statute does not guarantee either party a right to a hearing before the state engineer enters a decision. The state engi-

neer acknowledges as much when he notes that he may enter a decision without the benefit of a hearing. Instead, Section 72–2–16 creates a statutory right to a hearing only if two pre-conditions are satisfied: (1) a party must be aggrieved, and (2) the state engineer must have entered an adverse decision without a prior hearing. The plain language of the statute establishes that the state engineer's authority to hold a hearing before he enters a decision is discretionary. Thus, although the Chapels requested a hearing on their motion for summary judgment, the state engineer was not required to grant their request automatically, and it is speculative to argue whether or not he would have done so even if Derringer had not argued a hearing was unnecessary. We are not persuaded, therefore, that by arguing to the state engineer that a pre-decision hearing on the Chapels' motion was unnecessary, Derringer waived any right to a post-decision hearing that had not yet been triggered.

 {13} The Chapels argue that the legislature could not have contemplated permitting a party first to argue against a pre-decision hearing and then to demand a post-decision hearing if the decision is adverse. While we agree that the statute contemplates no more than one hearing, its plain language guarantees an aggrieved party one hearing. By guaranteeing an aggrieved party one hearing, the statute permits the state engineer to forego a pre-decision hearing, perhaps for reasons of judicial economy, and still comply with due process. Therefore, we hold that the state engineer was required by the clear language of the statute to grant Derringer's request for a post-decision hearing because no pre-decision hearing had been held.

 {14} We are not persuaded by the arguments of either the state engineer or the Chapels that Derringer should have filed his notice of appeal before the state engineer ruled on his request for a post-trial hearing. The state engineer appears to concede this point when he notes that when no pre-decision hearing is held, his decision is "not final until the expiration of the thirty days or until the state engineer enters a decision after holding the hearing timely requested by [the]

person." Section 72–2–16 plainly states that, when a post-decision hearing is required, "[n]o appeal shall be taken to the district court until the state engineer has held a hearing and entered [a] decision in the hearing." This comports with the principle that a party is required to pursue the available administrative remedies before resorting to the courts for relief. *Kerpan v. Sandoval County Dist. Attorney's Office (In re Grand Jury Sandoval County)*, 106 N.M. 764, 766, 750 P.2d 464, 466 (Ct.App.1988).

 {15} The state engineer argues, somewhat differently from the Chapels, that Derringer was granted a pre-decision hearing because he had an opportunity to be heard in writing, at a meaningful time and in a meaningful manner. We are not persuaded that the pre-decision hearing described in Section 72–2–16 can be satisfied solely by the written pleadings of the parties. NMSA 1978, § 72–2–17(B) (1965), sets forth the requirements for the conduct of hearings before the state engineer, and although Section 72–2–17(B)(1) allows for part of the evidence to be received in written form to expedite the hearing, it states that the parties shall be afforded an opportunity "to appear and present evidence and argument on all issues involved." In our view, written motions and responses do not satisfy the requirements clearly set forth in the statute.

 {16} Because we interpret Section 72–2–16 to require the state engineer to hold a post-decision hearing when, for any reason, no pre-decision hearing has been held, the thirty days for Derringer to serve his notices of appeal began to run when he received the state engineer's denial of his request for a hearing. Accordingly, we hold that the Chapels were timely served on April 19, 1999.

### The Timeliness of Service on the State Engineer

{17} Regardless of whether service on the Chapels was timely, the state engineer argues that the district court lacked jurisdiction to hear the entire appeal because service on the state engineer was not completed within the required time. *See El Dorado*

*Utils.,* 120 N.M. at 169, 899 P.2d at 612 (stating that Section 72–7–1(B) requires service on all parties to trigger the district court's jurisdiction to hear the appeal). The state engineer does not dispute that his office was served on April 8, 1999. Instead, he argues that Derringer did not serve the attorney general and thus did not complete service "in the same manner as a summons in civil actions brought before the district court," as required under Section 72–7–1(C). Under Rule 1–004(F)(3) NMRA 2001, when a state agency or an officer of a state agency is a named party defendant, in addition to serving the agency or officer of the agency, a copy of the summons must be delivered to the attorney general.

{18} In *El Dorado,* we articulated our rationale for concluding that the requirements of Rule 1–004 have not been incorporated into the statutory preconditions for jurisdiction under Section 72–7–1(B). *El Dorado,* 120 N.M. at 168–69, 899 P.2d at 611–12. We explained that "the purpose of the general laws governing service of process is to govern only the court's authority to render judgment against individual parties rather than to limit the court's jurisdiction to hear the case." *Id.* Thus, we stated that while *"service in accordance with the statute* must be effected on all parties in a timely manner" for the district court to acquire jurisdiction over the entire appeal, service in accordance with court rules is necessary only for the court to render judgment against a particular party. *Id.* at 169, 899 P.2d at 612 (emphasis added). Additionally, we note that Section 72–7–1(C) states that "[t]he notice of appeal may be served in the same manner as a summons in civil actions brought before the district court or by publication...." Accordingly, service that complies with Rule 1–004 is not phrased as a mandatory statutory precondition to the district court's acquisition of jurisdiction over the appeal.

{19} As *El Dorado* also points out, when *the parties*—i.e., in this case, the state engineer and the Chapels—are served in a timely manner, the district court has jurisdiction over the appeal from the state engineer. *El Dorado,* 120 N.M. at 169, 899 P.2d at 612. However, in order for the court to have the authority to render judgment against a particular party—the state engineer—Derringer will have to serve the notice of appeal on the attorney general, but "such service need not necessarily be accomplished within the thirty-day period established by Section 72–7–1." *Id.*

{20} Therefore, we hold that because both parties were served in a timely manner, the district court had jurisdiction to hear Derringer's appeal. In order for the district court to be able to render judgment against the state engineer, however, Derringer will need to deliver a copy of the notice of appeal to the attorney general as instructed by Rule 1–004.

**CONCLUSION**

{21} For the above reasons, we hold that the state engineer was required to hold a hearing after entering summary judgment, and his decision was not final until he denied Derringer's request for that hearing. We also hold that Derringer's service on the parties complied with the requirements of Section 72–2–1 and that the district court therefore acquired jurisdiction over this appeal. We remand this case to the district court to vacate its order of dismissal and to remand to the state engineer for a hearing as required by Section 72–2–16.

{22} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge, IRA ROBINSON, Judge.