IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2023-NMCA-001

Filing Date: August 11, 2022

No. A-1-CA-38615

AUGUSTIN PLAINS RANCH, LLC,

Applicant/Appellant-Appellant,

v.

JOHN D'ANTONIO, P.E., New Mexico
State Engineer,

Appellee-Appellee,

and

CATRON COUNTY BOARD OF COUNTY
COMMISSIONERS; SOCORRO COUNTY
COMMISSION; KOKOPELLI RANCH, LLC;
JOHN and HELEN A. HAND; THE HAND
LIVING TRUST; LAST CHANCE WATER
COMPANY; MONTICELLO PROPERTIES,
LLC; DOUBLE SPRINGS RANCH, LLC;
GILA MOUNTAIN RANCHES, LLC; JOHN
HUBERT RICHARDSON REVOCABLE
TRUST; RICHARDSON FAMILY FARMS,
LLC; CITY OF TRUTH OR CONSEQUENCES;
CUCHILLO VALLEY COMMUNITY DITCH
ASSOCIATION; SALOMON TAFOYA;
APACHE RANCH --- KENNETH R. BRUMIT;
NEW MEXICO FARM & LIVESTOCK BUREAU;
CATRON COUNTY FARM & LIVESTOCK
BUREAU; NEW MEXICO COMMISSIONER
OF PUBLIC LANDS; PUEBLO OF SANDIA;
PUEBLO OF SANTA ANA; WILDEARTH
GUARDIANS; PECOS VALLEY ARTESIAN
CONSERVANCY DISTRICT; PUEBLO OF
ZUNI; PUEBLO OF SAN FELIPE; UNIVERSITY
OF NEW MEXICO; NAVAJO NATION;
ADVOCATES FOR COMMUNITY &
ENVIRONMENT; NEW MEXICO INTERSTATE
STREAM COMMISSION; PUEBLO OF ISLETA;

MANUEL and GLADYS BACA; ROBERT and MONA BASSETT; PATTI BEARPAW; SUE BERRY-FOX; (BABE) ANN BOULDEN; DONALD and JOAN BROOKS; DAVID and TERRI BROWN; JACK BRUTON; BRUTON RANCH, LLC; LISA BURROUGHS and THOMAS BETRAS, JR.; CHARLES and LUCY CLOYES; MICHAEL D. CODINI, JR.; RANDY COIL; JAMES and JANET COLEMAN; TERRI COOK; THOMAS A. COOK; WILDWOOD HIGHLANDS LANDOWNERS ASSOCIATION; RANDY COX; NANCY CROWLEY; TOM CSURILLA; ELK RIDGE PASS DEVELOPMENT COMPANY, LLC; TOP OF THE WORLD LAND COMPANY, LLC; ROGER and DOLORES DAIGGER; MICHAEL and ANN DANIELSON; BRYAN and BEVERLEY DEES; JOHN and EILEEN DODDS; LOUISE and LEONARD DONAHE; PATRICIA EBERHARDT; ROY FARR; PAUL and ROSE GEASLAND; GILA CONSERVATION COALITION; CENTER FOR BIOLOGICAL DIVERSITY; GILA WATERSHED ALLIANCE; MARY RAKESTRAW GREIERT; MICHAEL HASSON; DON and CHERYL HASTINGS; GARY and CAROL HEGG; PATRICIA HENRY; CATHERINE HILL; ERIC HOFSTETTER; SANDY HOW; M. IAN and MARGARET JENNESS; AMOS LAFON; MARIE LEE; CLEDA LENHARDT; RICK and PATRICIA LINDSEY; VICTORIA LINEHAN; OWEN LORENTZEN; MIKE LOYA; SONIA MACDONALD; ROBERT and SUSAN MACKENZIE; DOUGLAS MARABLE; THEA MARSHALL; SAM and KRISTIN MCCAIN; JEFF MCGUIRE; MICHAEL MIDEKE; KENNETH MROCZEK and JANICE PRZYLBYL MROCZEK; PETER NAUMNIK; JOHN NAUMNIK; REGINA NAUMNIK; ROBERT NELSON; VERONIKA NELSON; WALTER and DIANE OLMSTEAD; DENNIS and GERTRUDE O'TOOLE; KARL PADGETT; MAX PADGETT; LEO PADGETT; PATRICIA PADGETT; WANDA PARKER; RAY and CAROL PITTMAN; JOHN PRESTON and PATRICIA MURRAY PRESTON; DANIEL RAEL; STEPHANIE RANDOLPH; MARY KATHERINE RAY; KENNETH ROWE; KEVIN and PRISCILLA RYAN; RAY and KATHY SANSOM; CHRISTOPHER SCOTT SANSOM; JOHN and BETTY SCHAEFER; SUSAN SCHUHARDT; ANN and BILL SCHWEBKE; JANICE

**SIMMONS; JIM SONNENBERG; ANNE SULLIVAN; MARGARET and ROGER THOMPSON; GLORIA WEINRICH; JAMES WETZIG and MAUREEN M. MACART; DONALD and MARGARET WILTSHIRE; KRISTIN ECKVALL; ROZALYN MURPHY; RONALD WILSON; DAVID P. SMITH; CARMELA L. WARNER; HOMESTEAD LANDOWNERS ASSOCIATION; JOSEPH and JANET SIOMIAK; PATRICIA GERMAIN; JONATHAN BENEDICT; MICHAEL MURRAY; JOHN POHL; BARBARA OWENS; ABBE SPRINGS HOMEOWNERS ASSOCIATION; RAVEN REITSTETTER; CHRIS and HELEN DOSSETT; KENNETH and DIANA FRY; ALBERT GOODMAN; WILLIAM GYSIN; PAUL G. KOTULA; KARL and JANE MEARS; THOMAS and LINDA PAMPINELLA; and TOM BETRAS,**

Protestants/Appellees-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CATRON COUNTY**
**Matthew G. Reynolds, District Judge**

Montgomery & Andrews, P.A.
Jeffrey J. Wechsler
Kari E. Olson
Kaleb W. Brooks
Santa Fe, NM

Draper & Draper LLC
John B. Draper
Santa Fe, NM

for Appellant

Hector H. Balderas, Attorney General
Gregory C. Ridgley, General Counsel
Nathaniel Chakeres, Deputy General Counsel
Maureen C. Dolan, Special Assistant Attorney General
Simi Jain, Special Assistant Attorney General
Santa Fe, NM

Attorney at Law LLC
L. Christopher Lindeen, Special Assistant Attorney General
Santa Fe, NM

Abramowitz and Franks
Martha C. Franks
Santa Fe, NM

for Appellee New Mexico State Engineer

Domenici Law Firm, PC
Pete Domenici
Lorraine Hollingsworth
Albuquerque, NM

for Appellee Catron County Board of County Commissioners

New Mexico Environmental Law Center
Gail Evans
Douglas Meiklejohn
Charles de Saillan
Eric D. Jantz
Maslyn Locke
Santa Fe, NM

for Appellees (not otherwise separately listed)

Davidson Law Firm, LLC
Tessa T. Davidson
Corrales, NM

for Appellees Helen A. Hand and Hand Living Trust

Coppler Law Firm, P.C.
Frank R. Coppler
John L. Appel
Santa Fe, NM

for Appellee City of Truth or Consequences, NM

Navajo Nation Department of Justice
Daniel G. Moquin
Lisa Yellow Eagle
Window Rock, Navajo Nation, AZ

for Appellee Navajo Nation

Hennighausen Olsen & McCrea, L.L.P.
A.J. Olsen
Gabriella T. Miller
Roswell, NM

for Appellee Pecos Valley Artesian Conservancy District

Steffani A. Cochran, General Counsel
Bernalillo, NM

for Appellee Pueblo of Sandia

Barnhouse Keegan Solimon & West LLP
Veronique Richardson
Los Ranchos de Albuquerque, NM

for Appellee Pueblo of Santa Ana

Advocates for Community and Environment
Simeon Herskovits
Iris Thornton
El Prado, NM

for Appellee San Augustin Water Coalition

Samantha Ruscavage-Barz
Daniel Timmons
Santa Fe, NM

for Appellee Wildearth Guardians

**OPINION**

**BOGARDUS, Judge.**

**{1}**     After reviewing the State Engineer's decision to deny Appellant Augustin Plains Ranch, LLC's (Applicant) application to appropriate groundwater, the district court dismissed with prejudice Applicant's 2014 Application to appropriate groundwater from the San Agustin Basin. We reverse and remand because we determine the district court erred in applying collateral estoppel.

**BACKGROUND**

**{2}**     In 2007 Applicant filed an application for a permit to appropriate underground water from the San Agustin Basin with the State Engineer, which it amended in 2008 (2007 Application). After accepting the application, the State Engineer published notice of the application, and over 900 protests against the permit were filed. After the State Engineer's office held a hearing on motions for summary judgment regarding the permit, the hearing officer recommended that the application be denied, and entered a recommendation to deny the application but specifically recommended that denial should be "without prejudice to filing of subsequent applications." The State Engineer adopted the recommendation of the hearing officer and entered the order. Applicant then appealed the hearing officer's determination to the district court.

**{3}**     The district court affirmed the State Engineer's order regarding the 2007 Application. In relevant part, it determined that the 2007 Application was facially inadequate because it failed "to specify the beneficial purpose and the place of use of

water, contrary to NMSA 1978, [Section] 72-12-3(A)(2),[](6) [(2001, amended 2019)].[1]" It also determined the 2007 Application "contradict[ed] beneficial use as the basis of a water right and the public ownership of water, as declared by the New Mexico Constitution." For these reasons, the district court concluded the 2007 Application "had to be denied by the State Engineer." The district court then affirmed the State Engineer's order denying the 2007 Application and noted, "The dismissal without prejudice allows Applicant to submit an application that meets the statutory requirement of specificity for beneficial use and place of use."

{4}     In 2014 Applicant filed a corrected application for a permit to appropriate the same underground water from the Rio Grande Underground Water Basin with the State Engineer, which it amended twice (2014 Application). Again, a number of parties, including the County and Community Protestants, contested the permit, many of whom filed motions for summary judgment to deny the application. In response, Applicant argued it was entitled to an evidentiary hearing before the hearing officer made a decision on the merits of its application. After holding a hearing on the summary judgment motions, the State Engineer's hearing officer determined the hearing for the summary judgment motions met the water code's hearing requirement; the 2014 Application was facially adequate in that it met the minimum requirements of Section 72-12-3; and "[t]he [2014] Application [was] sufficiently different from the previous iteration so as not to be barred under the principle of res judicata." The hearing officer further determined that granting the 2014 Application would "deprive the public of its right to appropriate water for beneficial use" and recommended the 2014 Application be denied as a matter of law. The State Engineer adopted the hearing officer's report. Applicant filed a timely motion for a post-decision hearing, arguing it was entitled to an evidentiary hearing, which the State Engineer denied. Applicant then appealed to the district court.

{5}     Multiple parties filed motions for summary judgment to the district court. Applicant, in its own summary judgment motion, again argued it was entitled to an evidentiary hearing and that it had demonstrated sufficient evidence of a specific plan to appropriate groundwater to survive summary judgment. Community Protestants and Catron County argued the 2014 Application should be denied on the basis of collateral estoppel, the facial inadequacy of the application, and because the application was speculative. The State Engineer's arguments focused on the speculative nature of the application.

{6}     After a hearing on the motions, the district court, accepting the argument put forth by the Community Protestants, determined that the 2014 Application was barred by collateral estoppel, and denied the application with prejudice. The order granting the Community Protestants' motion for summary judgment stated, "[Applicant]'s Application to appropriate ground[]water from the San Agustin Basin is dismissed with prejudice." The State Engineer filed a motion to reconsider the form of the order and requested the district court revise its order dismissing the Application so that it would be without

---

1All references to Section 72-12-3 in this opinion are to the 2001 version of the statute.

prejudice. In response, the district court amended its order slightly, but again dismissed the Application with prejudice. Applicant appeals the district court's order.

**DISCUSSION**

**{7}** Applicant argues on appeal (1) it was entitled per the water code to an evidentiary hearing; (2) the district court improperly applied collateral estoppel; (3) its application was facially valid and administratively complete; and (4) the district court erred in dismissing the application with prejudice. The State Engineer argues the 2014 Application, though not barred by collateral estoppel, violates the constitutional principle of beneficial use, and the denial of the 2014 Application should be upheld on that basis. Several other protestant appellees, notably the Catron County Board of Commissioners (County) and Community Protestants argue in relevant part that (1) collateral estoppel was applied correctly, and (2) the dismissal with prejudice was appropriate in this case. We first address Applicant's claim that it was entitled to an evidentiary hearing and determine it was not. We then conclude the district court erred in applying collateral estoppel. However, we disagree with the State Engineer that the district court, in applying collateral estoppel, essentially addressed the merits of Applicant's appeal. For that reason, we do not evaluate whether the 2014 Application set forth a beneficial use or was speculative, and we remand to the district court to conduct a de novo review of the merits of the hearing officer's denial of the 2014 Application as set forth under NMSA 1978, Section 72-7-1(E) (1971). Finally, we address the claim that the district court erred in dismissing the 2014 Application with prejudice.

**I.    Applicant Was Not Entitled to an Evidentiary Hearing**

**{8}** Applicant first argues it was entitled to an evidentiary hearing on the merits of the 2014 Application, and the failure to hold one requires this Court to reverse the district court's summary judgment determination and remand to the State Engineer with instructions to set such a hearing. Applicant grounds its argument in certain provisions in the water code, specifically NMSA 1978, Section 72-2-16 (1973, amended 2015)[2] and NMSA 1978, Section 72-2-17 (1965). We review these statutes de novo to give effect to the intent of the Legislature, looking to the plain language of the statute, and construing the entire statutory scheme as a whole. *See Lujan Grisham v. Romero*, 2021-NMSC-009, ¶ 23, 483 P.3d 545; *Pirtle v. Legis. Council Comm'n*, 2021-NMSC-026, ¶ 14, 492 P.3d 586.

**{9}** After multiple parties moved for summary judgment before the State Engineer, Applicant argued it was entitled to a full evidentiary hearing to present evidence in support of the 2014 Application before a hearing was held on the summary judgment

---

[2]Because the 2015 amendment took effect after the 2014 Application was submitted, all references to Section 72-2-16 in this opinion are to the 2001 version of the statute, which was in effect at the time of the submission of the 2014 Application. *See* N.M. Const. art. IV, § 34 ("No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."); *Albuquerque Rape Crisis Ctr. v. Blackmer*, 2005-NMSC-032, ¶ 20, 138 N.M. 398, 120 P.3d 820 (recognizing that a case becomes "pending" at the time of filing).

motions themselves. After a hearing on the merits of the summary judgment motions, the hearing officer determined Applicant was not entitled to an additional evidentiary hearing on its application because the hearing on the summary judgment motions was consistent with the process provided in the applicable statute as well as consistent with the State Engineer's hearing unit, which routinely entertains and rules on dispositive motions, in order to "expedite proceedings, determine whether genuine issues of material fact exist and whether an evidentiary hearing pursuant to . . . Section 72-2-17 is required." The hearing officer then recommended that the motions be granted, and the State Engineer granted the motions for summary judgment. Invoking Section 72-2-16, Applicant filed a timely motion for a post-decision hearing, arguing it was entitled to an evidentiary hearing, which the State Engineer denied.

**{10}**　On appeal, Applicant argues that the hearing it received—the hearing on the motions for summary judgment—did not satisfy the hearing requirement of Section 72-2-16, when read in conjunction with Section 72-2-17, which describes hearing procedures and requires that an "opportunity shall be afforded all parties to appear and present evidence and argument on all issues involved[,]" and thus it was entitled to a post-decision evidentiary hearing. *Id.* We disagree that the hearing provided to Applicant did not meet statutory requirements.

**{11}**　We begin with a brief overview of the statutory scheme. The statutes pertaining to the hearing requirement are found in two places in the water code: Sections 72-2-16 and -17 in Article 2 titled "State Engineer," which establishes the duties and requirements of the State Engineer and the Office of the State Engineer, *see* NMSA 1978, §§ 72-2-1 to -20 (1907, as amended through 2019), and Section 72-12-3, in Article 12 titled "Underground Waters," which is specific to underground waters and its permitting process. *See* NMSA 1978, §§ 72-12-1 to -28 (1931, as amended through 2019).

**{12}**　Two of the statutes referenced above address the hearing requirements applicable to this case. First, Section 72-2-16 gives the State Engineer discretion to determine if a hearing is necessary before it makes "a decision, acts or refuses to act." If the State Engineer does not hold a hearing, and then makes "a decision, acts or refuses to act," an aggrieved party "is entitled to a hearing" so long as "a request for a hearing is made in writing within thirty days after receipt by certified mail of notice of the decision, act or refusal to act." *Id.*; *see Derringer v. Turney*, 2001-NMCA-075, ¶ 12, 131 N.M. 40, 33 P.3d 40 (noting "Section 72-2-16 creates a statutory right to a hearing only if two pre[]conditions are satisfied: (1) a party must be aggrieved, and (2) the state engineer must have entered an adverse decision without a prior hearing"); *D'Antonio v. Garcia*, 2008-NMCA-139, ¶ 9, 145 N.M. 95, 194 P.3d 126 (holding that a right to a post-decision hearing is not absolute, because "the right to a hearing granted by Section 72-2-16 is a procedural right that is intended to ensure that the state engineer affords an appropriate degree of process to the parties before a final decision is entered"). Second, Section 72-12-3, titled, "Application for use of underground water; publication of notice; permit," sets out the requirements for applications for permits for use of underground waters and states, "If objections or protests have been filed within the time prescribed in

the notice or if the state engineer is of the opinion that the permit should not be issued, the state engineer may deny the application without a hearing or, before [he or she] acts on the application, may order that a hearing be held." Section 72-12-3(F). The language of the two statutes is similar, and both give the State Engineer the authority to deny an application for an underground water permit without a hearing. *Id.*; § 72-2-16.[3] As stated, following such a decision by the State Engineer, Section 72-2-16 permits an aggrieved party to properly and timely request a hearing if one did not take place before the decision by the State Engineer.

**{13}**    Section 72-2-16 refers to an aggrieved party being entitled to a "hearing," if one was not previously provided, but does not specify the nature of any pre- or post-decision hearing. *See Chatterjee v. King*, 2011-NMCA-012, ¶ 15, 149 N.M. 625, 253 P.3d 915 (noting "the Legislature knows how to include language in a statute if it so desires"), *rev'd on other grounds by* 2012-NMSC-019, ¶ 52, 283 P.3d 283. Nothing in the statutory language in either Section 72-2-16 or 72-12-3 indicates that the hearing requirement set forth by the Legislature is as exacting as Applicant claims. *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, ¶ 5, 126 N.M. 413, 970 P.2d 599 (noting we "will not read into a statute or ordinance language which is not there, particularly if it makes sense as written" (internal quotation marks and citation omitted)).

**{14}**    Applicant argues that we should infer that the procedure for a hearing described in Section 72-2-17 applies to the predecision "hearing" in Section 72-2-16 and that because it was not given what it characterizes as an "evidentiary hearing," the State Engineer's decision was made without a hearing, entitling it to a post-decision "evidentiary hearing." Section 72-2-17(A) applies "[a]fter a written request for hearing has been filed." Thus, Section 72-2-17 and its requirements are only applicable if the State Engineer made a decision without a hearing pursuant to Section 72-2-16, because the water code does not elsewhere contemplate a party's ability to request a hearing. Thus, we decline to accept Applicant's invitation to mandate that predecision hearings comply with the procedures set out in Section 72-2-17.

**{15}**    Nonetheless, to the extent Applicant argues that Section 72-2-17(B)(1) entitles it to additional process beyond what was provided, in neither Applicant's request for a post-decision hearing to the hearing officer, nor in briefing to this Court, does Applicant explain or describe what specific evidence it would have presented at the additional hearing it seeks. Stated differently, Applicant does not identify what evidence that it could not present at the hearing on the motions for summary judgment. Nor does Applicant explain why it is entitled to another hearing—when it failed to rebut the

---

3To the extent Applicant argues the history of Section 72-2-16 and Section 72-12-3 can be read to express legislative intent to require an evidentiary hearing, we disagree. While it is true the statutes themselves referred to a hearing, they are silent as to the specific nature of the hearing required and did not specifically require an *evidentiary* hearing before the State Engineer issued a decision. *See* NMSA 1953, § 75-2-15 (1967) (Vol. 11, Repl., Part 2) (recompiled as § 72-2-16); NMSA 1953, § 75-2-15 (1971) (Vol. 11, Repl., Part 2, 1971 Pocket Supp.) (recompiled as § 72-2-16); NMSA 1953, § 75-11-3 (1931, amended 1967) (Vol. 11, 1967 Pocket Supp.) (recompiled as § 72-12-3); NMSA 1953, § 75-11-3 (1967) (Vol. 11, Repl., Part 2) (recompiled as § 72-12-3); NMSA 1953, § 75-11-3 (1971) (Vol. 11, Part 2, 1971 Pocket Supp.) (recompiled as § 72-12-3).

movants' showing that no genuine issue as to a material fact existed—at the hearing on the motions for summary judgment. *See Romero v. Philip Morris, Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280 (noting a movant is entitled to summary judgment when it makes a prima facie showing that "is sufficient in law to raise a presumption of fact or establish the fact in question," and the nonmoving party fails to "demonstrate the existence of specific evidentiary facts which would require trial on the merits" (internal quotation marks and citations omitted)).

**{16}** Further, the regulations that accompany the water code address Applicant's arguments regarding the sufficiency of the predecision hearing provided. *Wilcox v. N.M. Bd. of Acupuncture & Oriental Med.*, 2012-NMCA-106, ¶ 7, 288 P.3d 902 ("Rules and regulations enacted by an agency are presumed valid and will be upheld if reasonably consistent with the statutes that they implement." (internal quotation marks and citation omitted)). The relevant regulations are intended "to ensure the expeditious and orderly handling of all administrative and enforcement matters consistent with the requirements of due process." 19.25.2.6 NMAC; *see also* § 72-2-8(H) ("Any regulation, code or order issued by the state engineer is presumed to be in proper implementation of the provisions of the water laws administered by [it].");  19.25.2.2 NMAC (noting the relevant regulations govern the conduct of hearings pursuant to Sections 17-2-16 and -17); *Morningstar Water Users Ass'n v. N.M. Pub. Utility Comm'n*, 1995-NMSC-062, ¶ 11, 120 N.M. 579, 904 P.2d 28 ("When an agency that is governed by a particular statute construes or applies that statute, the court will begin by according some deference to the agency's interpretation.").

**{17}** The relevant regulation requires a hearing before entry of summary judgment but contemplates entry of a final decision on dispositive motions. 19.25.2.15(E) NMAC. And as required by the regulations, during the summary judgment process administered by the hearing officer here, all parties were provided the opportunity to conduct discovery, designate witnesses, exchange expert reports, and file motions. *See* 19.25.2.17 NMAC. Specifically, Applicant submitted more than nineteen exhibits consisting of over 1,000 pages, including two affidavits, made argument regarding the substantive nature of the 2014 Application, and was given the opportunity to present evidence regarding the substantive aspects of the 2014 Application. The parties also participated in an in-person hearing regarding the motions for summary judgment—as required by the regulations—where they engaged in oral argument regarding each issue presented, including the merits of the 2014 Application. *See* 19.25.2.15(E) NMAC. Based on the process provided, which is consistent with both the applicable regulations and statutes, the State Engineer held an appropriate hearing before entering its decision. As such, Applicant was not entitled to an additional post-decision hearing pursuant to 72-2-16.

**{18}** Moreover, we agree with one of the Community Protestants that requiring the State Engineer to hold a full evidentiary hearing on all requests by aggrieved parties would lead to absurd results. For example, the State Engineer may not accept an application for a water rights permit without the application meeting certain statutory requirements. *See* § 72-12-3(C) (requiring Subsections (A) and (B)). If an aggrieved party could request a full evidentiary hearing on their application after the State

Engineer determined that their application was facially insufficient at a summary judgment hearing, it would render Section 72-12-3(C), which states that "[n]o application shall be accepted by the state engineer unless it is accompanied by all the information required by [Section 72-12-3(A), (B)]," superfluous. In such a case, the State Engineer would be required to hold an additional evidentiary hearing on the merits of an applicant's facially deficient application. We decline to interpret the water code in such a manner. *See Britton v. Off. of Att'y Gen.*, 2019-NMCA-002, ¶ 27, 433 P.3d 320 ("When construing individual statutory sections contained within an act, courts examine the overall structure of the act and consider each section's function within the comprehensive legislative scheme. . . . A construction must be given which will not render the statute's application absurd or unreasonable and which will not defeat the object of the Legislature." (internal quotation marks and citations omitted)); *Am. Fed'n of State, Cnty. & Mun. Emps. v. City of Albuquerque*, 2013-NMCA-063, ¶ 5, 304 P.3d 443 ("Statutes must also be construed so that no part of the statute is rendered surplusage or superfluous." (internal quotation marks and citation omitted)).

**{19}** Finally, Applicant argues that *Lion's Gate Water v. D'Antonio*, 2009-NMSC-057, 147 N.M. 523, 226 P.3d 622; *Derringer*, 2001-NMCA-075; and *Garcia*, 2008-NMCA-139, each support its claim that an evidentiary hearing is required. In *Lion's Gate Water*, our Supreme Court considered the scope of a de novo appeal to the district court after the State Engineer determines whether there is water to appropriate. 2009-NMSC-057, ¶ 16. In addressing the argument that limiting de novo appeal to review of the State Engineer's determination would subject water rights applicants to piecemeal judicial review, our Supreme Court noted that once the State Engineer makes the jurisdictional determination that water is available to appropriate, "the State Engineer must consider the full merits of an application and every constituent issue would be reviewable de novo on appeal." *Id.* ¶ 31. Applicant argues that this conclusion, referring to "the full merits of an application," necessarily means a full evidentiary hearing is required in every circumstance. Applicant reads *Lion's Gate Water* too broadly. The holding does not relate to the State Engineer's pre- and post-decision hearing requirements, but, in relevant part, to the scope of the required appellate review. *See id.* ¶ 2; *see also Sloan v. State Farm Mut. Auto. Ins. Co.*, 2004-NMSC-004, ¶ 12, 135 N.M. 106, 85 P.3d 230 ("Cases are not authority for propositions not considered." (alteration, internal quotation marks, and citation omitted)).

**{20}** Further, *Derringer* and *Garcia*, though they address the statutory right to a post-decision hearing under the water code, do not stand for the proposition that an applicant is entitled to an *evidentiary* hearing in every circumstance. *Derringer* determined that based on Section 72-2-16, a party has a statutory right to a post-decision hearing if certain preconditions are met and if an adverse decision was entered without a prior hearing. *Derringer*, 2001-NMCA-075, ¶¶ 12, 15. *Derringer* does not require that the hearing be an *evidentiary* hearing, only that an in-person, post-decision hearing is required if no predecision hearing was afforded. *Id.* ¶ 15. *Garcia* interpreted the water code and *Derringer* to determine that the right to a post-decision hearing is not absolute and could be waived, and noted that the hearing requirement was "intended to ensure

that the state engineer affords an appropriate degree of process to the parties before a final decision is entered." *Garcia*, 2008-NMCA-139, ¶ 9.

**{21}**   Both cases establish that an aggrieved party is entitled to a post-decision hearing only when the party was given no in-person, predecision hearing at all. *See Derringer*, 2001-NMCA-075, ¶ 10; *Garcia*, 2008-NMCA-139, ¶¶ 4-5. Here, in contrast to the cases discussed above, Applicant was provided the necessary and appropriate process for summary judgment motions, including an in-person hearing, before the State Engineer rendered its decision.

**{22}**   We conclude, based on our review of the applicable statutes, regulations, and case law that Applicant received a hearing sufficient to satisfy statutory requirements and resolve the issues raised by the motions for summary judgment, such that it was not entitled to a post-decision hearing pursuant to Section 72-2-16.

## II.   The District Court Abused Its Discretion in Applying Collateral Estoppel

**{23}**   We next address the district court's grant of summary judgment based on collateral estoppel. Both Applicant and the State Engineer argue the 2007 Application was not actually litigated or necessarily determined so collateral estoppel does not apply to the adjudication of the 2014 Application, and if it did, applying collateral estoppel was not equitable. Both Catron County and Community Protestants argue the district court did not err in its determination.

**{24}**   On review, when the facts are not in dispute, appellate courts review de novo whether the necessary elements for issue preclusion have been satisfied. *See Bank of N.Y. v. Romero*, 2016-NMCA-091, ¶ 23, 382 P.3d 991. Once the appellate court is satisfied that each element is met, "we review a decision by the district court to apply or not apply the doctrine of collateral estoppel for an abuse of discretion." *Id.* (alteration, internal quotation marks, and citation omitted).

**{25}**   Collateral estoppel is available only if the party seeking its application demonstrates that

> (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation.

*Ideal v. Burlington Res. Oil & Gas Co. LP*, 2010-NMSC-022, ¶ 9, 148 N.M. 228, 233 P.3d 362. "If the movant introduces sufficient evidence to meet all elements of this test, the [district] court must then determine whether the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior litigation." *Shovelin v. Cent. N.M. Elec. Coop., Inc.*, 1993-NMSC-015, ¶ 10, 115 N.M. 293, 850 P.2d 996.

**{26}** Even if we assume that the necessary elements of collateral estoppel have been met, we conclude that the district court abused its discretion in applying it here. *See Romero*, 2016-NMCA-091, ¶ 23; *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 ("An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." (internal quotation marks and citation omitted)). We do so because collateral estoppel is an "equitable doctrine," and thus we weigh "the countervailing equities" involved. *AA Oilfield Serv., Inc. v. N.M. State Corp. Comm'n*, 1994-NMSC-085, ¶ 25, 118 N.M. 273, 881 P.2d 18 (internal quotation marks and citation omitted). In evaluating these countervailing equities, we consider the facts of this case in light of our deference to the State Engineer's administrative process.

**{27}** We first review the decision regarding the 2007 Application. After Applicant applied for a permit and multiple parties objected to the application, the State Engineer entered an order denying the application, but specifically ordered that it be "denied without prejudice to filing of subsequent applications." On appeal, the district court determined "[t]he State Engineer's [o]rder [d]enying [the 2007] Application is affirmed." In relevant part it determined that the 2007 Application was facially inadequate because it failed "to specify the beneficial purpose and the place of use of water, contrary to [Section] 72-12-3(A)(2), (6)." It also determined that the 2007 Application "contradict[ed] beneficial use as the basis of a water right and the public ownership of water, as declared in the New Mexico Constitution." Although it upheld the denial of the 2007 Application, the district court noted, "The dismissal without prejudice allows Applicant to submit an application that meets the statutory requirement of specificity for beneficial use and place of use."

**{28}** When it considered the 2014 Application, the district court did not address the previous order's language regarding Applicant's right to file a corrected application, nor did it acknowledge that the 2014 Application was significantly more detailed, and that Applicant attempted to address what the district court identified as deficiencies in the 2007 Application. The district court's only response to either consideration was a vague reference to a more detailed application. The failure to assess the facial adequacy of the significantly more expansive 2014 Application, filed after the district court's order of dismissal that specifically noted Applicant's right to file a more detailed application was fundamentally unfair. *See Wild Horse Observers Ass'n, Inc. v. N.M. Livestock Bd.*, 2016-NMCA-001, ¶ 31, 363 P.3d 1222 (noting "collateral estoppel should be applied only where the [district] court determines that its application would not be fundamentally unfair" (alteration, internal quotation marks, and citation omitted)).

**{29}** We next turn to the State Engineer's argument regarding its policy of allowing applications for water right permits to be corrected after submission, which provides further support for our conclusion that the district court's application of collateral estoppel is unfair under the circumstances. "When an agency that is governed by a particular statute construes or applies that statute, the court will begin by according some deference to the agency's interpretation." *Morningstar Water Users Ass'n*, 1995-NMSC-062, ¶ 11; *see also Lion's Gate Water*, 2009-NMSC-057, ¶ 24 ("The

comprehensive nature of the water code's administrative process, its mandate that a hearing must be held prior to any appeal to district court, and the broad powers granted to the State Engineer therein clearly express the Legislature's intent that the water code and the administrative process it describes provide a complete and exclusive means to acquire water rights."). Although not bound by the agency's interpretation, "[t]he [appellate] court will confer a heightened degree of deference to legal questions that implicate special agency expertise or the determination of fundamental policies within the scope of the agency's statutory function." *Morningstar Water Users Ass'n*, 1995-NMSC-062, ¶ 11 (internal quotation marks and citation omitted).

**{30}** The questions raised in considering whether to apply collateral estoppel in this case require the State Engineer's expertise in evaluating whether in the context of water rights applications, amended applications should be permissible or precluded. *See Lion's Gate Water*, 2009-NMSC-057, ¶ 24 ("The general purpose of the water code's grant of broad powers to the State Engineer, especially regarding water rights applications, is to employ [its] expertise in hydrology and to manage those applications through an exclusive and comprehensive administrative process that maximizes resources through its efficiency, while seeking to protect the rights and interests of water rights applicants."). Although this Court "is not bound by the agency's interpretation and may substitute its own independent judgment" in interpreting a governing statute, we will reverse only "if the agency's interpretation of a law is unreasonable or unlawful." *Morningstar Water Users Ass'n*, 1995-NMSC-062, ¶ 11. In the present case, as the State Engineer argues, the water code contemplates corrected applications.

**{31}** The State Engineer argues its interpretation of the water code's application process "has explicitly allowed applications to be corrected" since the enactment of the water code. NMSA 1978, § 72-5-3 (1941) provides that for applications for surface water permits, "[i]f the application is defective as to form, or unsatisfactory as to feasibility or safety of plan, or as to the showing of ability of the applicant to carry the construction to completion," the State Engineer shall return the application listing "the corrections, amendments or changes required" within thirty days, and, if the application is refiled and accepted by the State within sixty days, the application shall "take priority as of date of its original filing, subject to compliance with the further provisions of the law and the regulations thereunder." And, in relevant part, "[a]ny corrected application filed after the time allowed [shall] be treated in all respects, except as to filing fees, as an original application received on the date of its refiling." *Id.* That statute, along with our Supreme Court's determination that "[t]here does not exist one body of substantive law relating to appropriation of stream water and another body of law relating to appropriation of underground water," *City of Albuquerque v. Reynolds*, 1962-NMSC-173, ¶ 28, 71 N.M. 428, 379 P.2d 73, culminated in an agency regulation addressing applications for permits for underground waters that provides,

> Before acceptance by the state engineer, applications tendered must conform to the requirements of the statutes and rules and regulations of the state engineer. . . . Applications which are defective as to form or fail

to comply with the rules and regulations shall be returned promptly to the applicant with a statement of the changes required. If the changes are made and the application refiled with the state engineer within thirty (30) days after the applicant has been notified of the changes required, the application shall be processed with a priority date the same as the original filing date. When a corrected application is filed after the time allowed, it shall be treated in all respects as an original application received on the date of its refiling.

19.27.1.11 NMAC. This regulation specifically contemplates that the applicant may reapply for a new permit for the same waters if an initial application for a permit is facially insufficient. *See* § 72-2-8(H) ("Any regulation . . . issued by the state engineer is presumed to be in proper implementation of the provisions of the water laws administered by [he or she]."). Despite the district court's conclusion that the 2007 Application was facially insufficient, in reviewing the 2014 Application, the district court failed to address this regulation or the State Engineer's interpretation of the water code regarding this issue.

**{32}** Finally, the policy underlying collateral estoppel, to prevent endless relitigation of issues, is not implicated here. *See Deflon v. Sawyers*, 2006-NMSC-025, ¶ 13, 139 N.M. 637, 137 P.3d 577 (stating that "collateral estoppel promotes judicial economy and protects parties from endless relitigation"). Applicant applied, was told to reapply, and updated its application. Filing an updated application was not an attempt to circumvent the State Engineer's procedures, nor the district court's previous final judgment.

**{33}** Based on the prior determination by the district court that Applicant could file a new application that addressed the facial insufficiencies of the 2007 Application, Applicant's more robust 2014 Application in response, and our deference to the State Engineer's policy that applications for permits for underground waters may be corrected, we hold that the district court abused its discretion in applying collateral estoppel to the 2014 Application.

**{34}** Because we reverse the district court's decision regarding collateral estoppel, we need not address the facial adequacy or merits of the 2014 Application, because it is the province of the district court to review de novo the State Engineer's decision on these issues. *See* § 72-7-1(E). We express no opinion as to the propriety of the State Engineer's conclusions regarding either matter.

### III. The District Court Lacked Jurisdiction to Dismiss the 2014 Application With Prejudice

**{35}** Finally, we address the district court's decision that "[Applicant's 2014] Application to appropriate groundwater from the San Agustin Basin is dismissed with prejudice." Applicant and the State Engineer argue that the district court acted outside of the scope of its jurisdiction when it dismissed the 2014 Application with prejudice. Both Catron County and Community Protestants argue the dismissal with prejudice was

appropriate in this case. We agree that the district court exceeded its jurisdiction when it dismissed the 2014 Application with prejudice.

**{36}**    We review whether the district court had jurisdiction to dismiss the 2014 Application de novo. *See City of Las Cruces v. Sanchez*, 2007-NMSC-042, ¶ 7, 142 N.M. 243, 164 P.3d 942 (noting we address jurisdictional issues de novo). We clarify that with its dismissal, the district court acted upon the application, as opposed to acting upon the State Engineer's decision regarding the application. *See Lion's Gate Water*, 2009-NMSC-057, ¶ 34 ("[T]he water code's de novo standard constrains appellate review to the issue presented." (internal quotation marks and citation omitted)).We agree with the State Engineer that in doing so, the district court exceeded its jurisdiction.

**{37}**    We note that when a district court reviews the decision of an administrative entity, it may be called upon to exercise both its appellate jurisdiction and its original jurisdiction. *See Maso v. N.M. Tax'n & Revenue Dep't*, 2004-NMCA-025, ¶¶ 15, 17, 135 N.M. 152, 85 P.3d 276 (reiterating that the district court can simultaneously exercise its appellate and original jurisdiction). The district court exercises its appellate jurisdiction when it reviews those questions that the administrative body is authorized by statute to decide, and it exercises its original jurisdiction when it decides those issues that could not be raised before the administrative body in the first instance. *See id.* ¶¶ 13-14.

**{38}**    In *Lion's Gate Water*, the Court concluded that the district court exceeded its appellate jurisdiction by examining the merits of an application to appropriate water even though the State Engineer's decision reached only the threshold issue of whether water was available for appropriation. 2009-NMSC-057, ¶¶ 28-30. The State Engineer's initial holding limited the scope of the district court's de novo appellate review regarding the threshold issue to "avoid[] the 'absurd' and 'unreasonable' result that would ensue if water rights applicants, seeking a more favorable outcome, could transform district courts into general administrators of water rights applications by forcing district courts, rather than the State Engineer, to consider on appeal the [original] merits of their applications." *Id.* ¶ 29. In this case, although at an earlier step in the permitting process than in *Lion's Gate Water*, which considered whether the application was facially sufficient, the general principle of appellate, rather than original, jurisdiction applies. *See id.* ¶ 24 ("The general purpose of the water code[ is the] grant of broad powers to the State Engineer, especially regarding water rights applications[.]").

**{39}**    In the appellate capacity, it was not within the province of the district court to act on the application itself, but to review the decision of the hearing officer for the State Engineer. *Id.* ¶¶ 19-22, 30 (explaining the constitutional and statutory history of the designation that the proceedings on appeal are to be reviewed de novo as cases originally docketed in the district court, "was not to give the judiciary de facto original jurisdiction over water rights applications"). Any original determination regarding sufficiency of the 2014 Application remains within the State Engineer's original jurisdiction, *see Sun Vineyards, Inc. v. Luna Cnty. Wine Dev. Corp.*, 1988-NMSC-075, ¶ 8, 107 N.M. 524, 760 P.2d 1290 (noting that the state engineer may subject an approval

of an application to certain conditions), and the review of that determination, without deference to the hearing officer's decision, is within the appellate jurisdiction of the district court, notwithstanding the breadth of the statutory de novo appeal. *See* § 72-7-1(A), (E) (explaining that any applicant may appeal to the district court and "[t]he proceeding upon appeal shall be de novo as cases originally docketed in the district court"); *see Lion's Gate Water*, 2009-NMSC-057, ¶ 30 (explaining the meaning of de novo appellate review in the context of water rights adjudication as "district courts are not limited to a record review of the State Engineer's actions or to the standard of review provided under Rule 1-074(R) [NMRA]"); *Morga v. FedEx Ground Package Sys., Inc.*, 2022-NMSC-013, ¶ 15, 512 P.3d 774 (noting that in reviewing matters de novo, the review is "without deference to the district court's legal conclusions" (internal quotation marks and citation omitted)). It was unnecessary to exercise original jurisdiction over the denial of the permit in this case, and, under the circumstances, allowing the district court to have original jurisdiction to dismiss the 2014 Application with prejudice "would defeat the administrative process for water rights applications designed and articulated by the Legislature." *Lion's Gate Water*, 2009-NMSC-057, ¶ 29.

**CONCLUSION**

**{40}** For the foregoing reasons, we reverse the district court's determination that collateral estoppel bars review of the 2014 Application, and we remand to the district court for a determination of Applicant's appeal on the merits.

**{41}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KATHERINE A. WRAY, Judge**